## FAIN vs. GOODWIN.

1. PLEADING: *Plea of nil debet bad.*
   The plea of *nil debet* is a mere conclusion of law, to be drawn from facts, and is not good under the Code if objected to in proper time.

2. SAME: *Defective must be objected to in circuit courts.*
   When parties accept pleadings as raising issues and go to trial on them, it is too late to object to them in the supreme court.

3. NEW TRIAL: *Verdict not impeachable by affidavit of juror, except, etc.*
   A juror can not be examined to sustain a motion for new trial, except to show that the verdict was by lot.

4. JUROR: *Objections to, too late after verdict.*
   It is too late, generally, to except to the qualifications of a juror after verdict.

---

Fain vs. Goodwin.

---

APPEAL from *Lincoln* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*Cunningham*, for appellee.

EAKIN, J. Goodwin sued Fain ·in an action at law, for wages, as book-keeper and salesman in a drug store; setting up and exhibiting a contract in writing, whereby Fain agreed to furnish and keep up a stock of drugs, suitable for a retail trade at Star City, in Lincoln county, to the value of $450, and to pay complainant, Goodwin, $50 a month for his services as salesman, book-keeper, etc., from January 1, 1877, to January 1, 1878. The latter on his part agreed to serve as stipulated; to do faithful work, and deduct for lost time, in the same proportion.

He states that he served, as agreed, until the first day of August of that year, when, against his will, he was discharged by defendant, and prevented from rendering further service. He asks judgment for $250.

1 PLEADING: Plea of *nil debet* bad. The defendant pleaded in his first paragraph that *he did not owe* said sum or any sum whatever. This was properly held bad on demurrer. An answer should deny the "material allegations" of the complaint, or else set up some new matter by way of defense, counter-claim or set-off. *Nil debet* is a mere conclusion of law, to be drawn from facts, and is not good, under the Code, if objection be made in proper time.

The second paragraph admits the contract, as stated, and that plaintiff served until the fifteenth day of July, at which time defendant was compelled to discharge him on account of the negligent and unskillful manner in which he discharged his duties. He charges that by reason of defendant's negligence and want of skill, whereby errone-

Fain vs. Goodwin.

ous entries were made on the books, etc., the defendant was damaged to the extent of $1,000.

The third paragraph charges that the defendant was induced to invest money in the drug business, by plaintiff's representations that he could sell from $1,800 to $2,000 worth of drugs in the year, the profits of which would more than pay the salary; that he furnished drugs to the value of $700, and that by reason of plaintiff's unskillfulness, as a salesman, he sold most of them at less than the wholesale price; to defendant's damage $1,000.

He also pleads payment of $350, and on his part prays judgment for damages.

There was a reply denying the *damage* as alleged, which was accepted as good, and the parties went to trial.

Allegations of value, or amounts of damages, need not be put in issue at all; but must, in any event, be proved. *Gantt's Dig., sec. 4608.*

The facts, from which damages flow, form the material issues, to be alleged. The Code is more rigid than such pleading as this supposes; and should be enforced in its true spirit, before its merits can be fairly considered as tested. The second and third paragraphs made good *counter-claims* under the Code; answering to the recoupment at law; and to make a good reply the plaintiff should have denied that he contracted for skill and diligence as a druggist or salesman; or, admitting that, which would be implied without proof, should have denied the allegations charging his failure to use them. When parties accept pleadings, as raising issues, and go to trial upon them, it is too late to make the objections here; and this court only takes notice of them now to urge upon the profession, and the circuit courts, a closer regard to the

2. ———:
Defective must be objected to in circuit court.

Fain vs. Goodwin.

true intent and meaning of the new system. It is becoming too prevalent an error that any kind of pleading will *do*, and it is frequently brought to the notice of this court, through the transcripts, that parties, without objection on either side, go into long and expensive trials, without any issue on the record, which would be good either by the old or new system. The correction of this must originally begin with the profession, which owes it to the legislature to study carefully the true spirit of the Code, and to endeavor to test its merits fairly, as an improvement on the common law. This each attorney may do by requiring of his adversary good Code pleadings—or that the court compel him to make them good by amendment.

The jury found, for complainant, two hundred and thirty-five dollars. Judgment accordingly. Motion for a new trial overruled and appeal taken.

The appellant has not prosecuted the appeal, and the case having been reached, and there being a supersedeas bond, the appellee has been allowed to submit the case on his briefs.

Upon inspection of the record we observe no material error, to justify reversal. The trial seems to have been fair, without any misconduct of the jury, prejudicial to defendant. No instructions were asked on either side. The verdict is sufficiently sustained by the evidence, and does not seem excessive. The proof tended to show the contract, the service for about seven months, and the discharge without sufficient cause. It is further shown that the plaintiff could not get other employment for the remainder of the year, save for some small services, for which he received fifteen dollars. This was correctly credited to defendant by the jury.

The defendant, in his motion for a new trial, alleged, and showed by affidavit, that one of the jurors was not a citizen of Lincoln county. He offered, also, but was not allowed, in support of another ground, to show, by the affidavit of a juror, that the verdict was made with reference to a previous arbitration in the Baptist church, known to some of the jurors, and not upon the evidence.

*3. NEW TRIAL: Verdict not impeachable by affidavit of juror.*

A juror can not be examined to sustain a motion for a new trial, except to show that the verdict was by lot. *Gantt's Digest, sec. 1971.*

It is too late, generally, to except to the qualification of a juror after verdict. *Daniel v. Guy et. al., 23 Ark., 50.*

*4. JUROR: Objection to, too late after verdict.*

In civil cases these matters rest very much in the discretion of the court, which might, doubtless, in a case of fraud or manifest wrong, regarding an unqualified juror, order a new trial. In this case it is not apparent that any fraud was intended or wrong done.

We find no error, and affirm.