## BLEDSOE *v.* STATE.

### Opinion delivered July 2, 1917.

1. CRIMINAL LAW—DISQUALIFICATION OF JUDGE ACTING AS ATTORNEY BEFORE GRAND JURY.—A circuit judge is disqualified to try a cause "* * in which he may have been of counsel," under Art. 7, § 20, of the Constitution. *Held,* the provision in the Constitution relates to a case in which the judge was counsel before he assumed the duties of the judgeship.

2. CRIMINAL LAW—INDICTMENTS—CONDUCT OF TRIAL JUDGE—DIS-
QUALIFICATION.—The circuit judge of Garland County *held* not dis-
qualified to preside in a trial, under Art. 7, § 20, of the Constitution,
when he assisted in the examination of witnesses before the grand
jury who found the indictments.

3. SHERIFFS—FAILURE TO SEIZE AND BURN GAMBLING PARAPHERNALIA.—
The evidence *held* sufficient to support a conviction of the sheriff of
Garland County for failure to seize and burn gambling paraphernalia,
used in the operation of a certain gambling house in the city of Hot
Springs.

4. EVIDENCE—PROOF OF CRIMINAL INTENT—SIMILAR ACTS.—When the
issue is one of good or bad faith, it is admissible to prove a series of
similar acts done about the same time, as tending to establish the par-
ticular intent.

5. SHERIFFS—FAILURE TO PERFORM DUTIES—PROOF OF INTENT.—A
sheriff was charged with wilfully omitting and failing to serve a writ
to seize and burn certain gambling devices. In determining the
defendant's intent, proof is admissible of his action in reference to
other orders of like nature about the same time.

Appeal from Garland Circuit Court; *Scott Wood*,
Judge; affirmed.

*Murphy & McHaney* and *J. S. McConnell*, for appel-
lant.

1. The judge was disqualified to sit or preside in
the trial. Const., art. 7, § 20; 2 R. C. L. 938; 23 Cyc. 587;
78 Miss. 175; 84 Am. St. 622; 15 R. C. L. 534; 12 *Id*. § 24;
20 Cyc. 1340; 12 R. C. L. 1040, § 24; 60 Ark. 425.

2. The evidence was not sufficient to support the
verdict.

3. There was error in the admission of evidence.
Appellant was indicted for an alleged wilful failure to
execute only one burning order, that of January 27.
Other burning orders were not admissible in evidence.

4. The second instruction was error. It makes ap-
pellant responsible for an error of judgment, however
honest his course.

*John D. Arbuckle*, Attorney General, and *T. W.
Campbell*, Assistant, for appellee.

1. The judge was not disqualified. Kirby's Digest,
§ 2210; Const., art. 7, § 20; 31 Ark. 35; 61 *Id*. 88; 12
Cal. 523.

2.    The evidence is ample to sustain the verdict.

3.    It was not error to admit the various burning orders issued in January.  The chief issue was whether appellant's failure to serve the warrant placed in his hands was wilful and intentional, or otherwise.  They tended to show his intent.  75 Ark. 427; 72 *Id.* 586; 80 *Id.* 495; 81 *Id.* 25; 84 *Id.* 119; *Ib.* 16; 43 *Id.* 367; 49 *Id.* 449; 62 *Id.* 119.

4.    Instruction No. 2, given, was not error.  It did not hold appellant to the exercise of *judgment, but did* hold him to the exercise of *diligence.*  2 Tex. App. 158; 120 Ga. 924; 4 Blackford (Ind.) 171; 76 N. C. 197.

HUMPHREYS, J.    Appellant, sheriff of Garland County, was indicted, tried and convicted in the Garland Circuit Court of misdemeanor in office, for failure to seize and burn gambling paraphernalia used in operating a gambling house over the Mint Billiard Parlor at No. 706½ Central avenue, Hot Springs, Arkansas.  A fine of $5 was assessed by the verdict.  A judgment of ouster and for the fine and costs was rendered against appellant, from which he has prosecuted an appeal to this court.

The first assignment of error insisted upon by appellant for reversal is the overruling of his motion suggesting the trial judge's disqualification and requesting him to certify such disqualification.  At the February, 1917, term of said court the trial judge had instructed the grand jury to investigate the gambling situation in Hot Springs with relation to whether certain officers of the county were countenancing and condoning gambling.  The judge conducted the examination of a large number of witnesses summoned to appear before the grand jury to testify concerning the gambling situation.  As a result of the examination, the grand jury returned two indictments against appellant and one against the prosecuting attorney.

The validity of these indictments was questioned at the next term of court because the trial court had participated in the investigation, whereupon the court directed the jury to reinvestigate the gambling situation as it ex-

isted in Hot Springs in the months of December, 1916, and January, 1917. At the request of the prosecuting attorney, Mr. Wootton, of the firm of Martin, Wootton & Martin, on account of his familiarity with the former investigation, was permitted to assist in the new investigation. The court specially charged the grand jury with reference to the line of investigation to be pursued, and announced that writs for the seizure and burning of gambling paraphernalia had been issued and placed in the hands of the sheriff, and suggested that the jury examine into whether or not the sheriff had faithfully executed the writs.

(1-2) New indictments were returned against the sheriff by the grand jury on April 4, 1917, charging him with the identical offenses charged against him in the former indictments. It is insisted that the new indictments, being based upon the same testimony developed by the judge in the original investigation, stand in the same attitude as the former indictments as related to the alleged disqualification of the trial judge. In other words, if his participation in the first investigation disqualified him from sitting as judge in the tral of those cases, then it is insisted for the same reason that he is disqualified from sitting as judge in the trial on the present indictment. Section 20, article 7, of the Constitution of Arkansas forbids a judge who was of counsel in a case to sit or preside in the trial of the cause. The particular part of section 20, article 7, invoked by appellant to disqualify the judge is as follows: ''Or in which he may have been of counsel. * * *'' This clause of the Constitution relates to some case in which the judge was counsel before he assumed the duties of the judgeship. The very language clearly imports such construction. It must necessarily relate to cases in which the judge participated as attorney or counsel before assuming his duties as judge, because by section 25 of the same article of the Constitution, circuit judges are denied the right to appear as attorney or of counsel in any case during their incumbency in office. It being clear to us that the latter part of sec-

tion 20 has reference to those cases only in which the judge participated prior to entering upon his duties, it follows that there was no constitutional bar to his sitting as judge in the instant case, for the conduct complained of by appellant occurred after the judge assumed his official duties. If, however, the spirit of the clause is broad enough to include cases in which a judge accepted employment or volunteered his services as an attorney or as counsel after he assumed the duties of his office, we are of opinion that the participation in the examination of witnesses before the grand jury, upon whose testimony the original indictments were returned, did not constitute him either an attorney or counsel in the cases. His assistance was requested by the grand jury. The prosecuting attorney was not in a position to assist them. The situation was an extraordinary one. The majesty of the law was at stake. An acute issue was drawn as to whether law should prevail or whether crime should run rampant and offenders go unpunished. The exigencies of the times demanded radical action on the part of the circuit judge. We think his participation in the original grand jury proceedings falls far short of constituting him an attorney or of counsel in the particular cases now pending before the court. His participation in the examination of witnesses might have been urged as cause for quashing the original indictments, but can not be urged as a disqualification of the judge under the latter part of section 20, article 7, of the Constitution of Arkansas, in the instant case.

(3-4) . It is contended that there is not sufficient legal evidence to support the verdict. This court is committed to the doctrine that if there is any legal evidence to support the verdict, it will not be disturbed on appeal. The evidence is overwhelming that gambling houses were being operated openly, both day and night, during the months of December, 1916, and January, 1917, in the city of Hot Springs. During that time as many as six writs for the seizure and destruction of gambling paraphernalia were placed in the hands of appellant. The returns

upon the writs show the seizure and destruction of only an insignificant part of the gambling devices used during those months by the several gambling houses. The Mint gambling house ran three or four poker tables, a senate table, a 21 table, a faro bank table, a klondike table, a crap table and a roulette wheel. From seventy-five to one hundred men frequented the Mint and engaged in play each day from noon until midnight, in the months of December and January. Other popular resorts known as the "New York," the "Ohio Club," "Warwick," "Monarch," etc., were richly furnished and equipped with the same character of paraphernalia and operated day and night during the same period. It is true that appellant made quite a number of unsuccessful raids on the gambling houses and was disappointed with the results of his search, but the finding of the jury was to the effect that he failed to exercise proper diligence in the search for and destruction of these gambling devices. Gambling houses were operated during that period in such open defiance of law that we can not say the verdict is unsupported by any legal evidence.

(5) It is insisted that the court erred in admitting all writs issued in the month of January, 1917, by the circuit judge for the seizure and destruction of gambling devices, and appellant's returns thereon. Appellant was charged with wilfully omitting and failing to serve a writ to seize and burn gambling devices on the 27th day of January, 1917, used in operating a gambling house at No. 706½ Central avenue. Only a small number of the devices in use at that place were seized. The question for the jury to determine was whether appellant had made a faithful search and honest effort to seize the devices. The test of appellant's guilt or innocence was his intent. If his purpose was not to seize and burn the devices, he was guilty. If, on the contrary, his purpose was to seize and burn them, he was innocent. There was no better way to ascertain his intention than by showing his action in reference to other orders of like nature about the same time. When the issue is one of good or bad

faith, as in this case, it is admissible to prove a series of similar acts about the same time as tending to establish the particular intent.  *Howard* v. *State*, 72 Ark. 586.

Lastly, it is contended that the court erred in giving instruction No. 2, because it is said the instruction fixes responsibility upon appellant for an error of judgment. We are unable to place such a construction upon the language used by the court.  It fixes responsibility upon appellant if he failed to exercise proper diligence in serving the writ or if he failed to make an honest effort to seize and destroy the gambling devices named in the writ.

Finding no error in the record, the judgment is affirmed.