## SPEER v. STATE.

## Opinion delivered October 1, 1917.

1. CRIMINAL LAW—INDICTMENTS—IMPROPER CONDUCT OF COURT.—Errors committed by a trial court in instructing grand juries do not constitute grounds for quashing indictments returned by them.

2. CHANGE OF VENUE—DISCRETION OF COURT.—Unless the trial court has abused its discretion in overruling a motion for change of venue, the order is conclusive on appeal.

3. CRIMINAL LAW—PROSECUTION OF CRIMINALS—DUTY OF STATE'S ATTORNEY.—An indictment against a prosecuting attorney for the crime of proceeding against certain persons operating gambling houses for committing misdemeanors, when they were in fact guilty of having committed felonies, is valid.

4. CRIMINAL LAW—USE OF IMPROPER NAME OF CRIME IN INDICTMENT.—The name of a crime is controlled by the specific acts charged, and an erroneous name of the charge does not vitiate the indictment.

5. CRIMINAL LAW—EXAMINATION OF VENIREMEN ON VOIR DIRE.—It is improper, in a prosecution of a prosecuting attorney for official misconduct, for defendant's attorney to ask veniremen on *voir dire* whether they opposed or supported appellant in his race for office.

6. CRIMINAL LAW—EVIDENCE OF SIMILAR ACTS—OFFICIAL MISCONDUCT.—In a prosecution of a prosecuting attorney for official misconduct, and the question of good or bad faith in the performance or non-performance of an official duty is involved, evidence of similar acts of commission or omission occurring about the same time, tending to prove the issue, is admissible.

7. CRIMINAL LAW—PROSECUTIONS FOR CRIME—DISCRETION OF STATE'S ATTORNEY.—The discretion of a prosecuting attorney as to whether he will prosecute alleged criminals must be exercised in good faith, and he may be himself prosecuted for a failure to so act.

8. PROSECUTING ATTORNEYS—MISCONDUCT IN OFFICE.—A judgment of conviction against the prosecuting attorney of Garland County

for failing to prosecute the proprietors of certain gambling houses, upheld.

9. TRIAL—IMPROPER CONDUCT OF JURY—QUOTIENT VERDICT.—Verdicts of juries cannot be impeached by evidence of the jurors, except where the verdict was reached by lottery. A quotient verdict is not the result of a lottery.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*Rector & Sawyer* and *Calvin T. Cotham,* for appellant.

1. This case is easily distinguished from the Bledsoe case, 197 S. W. 17, and is not governed by it.

2. The indictment should have been quashed on account of the conduct of the judge. No public offense is charged. Kirby & Castle's Digest, § 7837; 85 N. E. 728.

3. The venue should have been changed on the showing made.

4. The court erred in its charge to the grand jury.

5. The court erred in refusing to permit appellant to examine the veniremen on their *voir dire* as to political bias or prejudice. 1 Thompson on Trials, par. 103.

6. The court erred in admitting testimony as to gambling at other clubs than the Ohio Club.

7. The court erred in its instructions to the jury.

8. The verdict was decided by lot. 66 Ark. 264; 50 S. W. 517; 34 Am. Rep. 808, and note; Thompson on Trials, par. 2602.

9. The testimony is insufficient to support the verdict. No corrupt intent was shown.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The Bledsoe case is identical with this, and settles the disqualification of the judge question. 57 Ark. L. R. 1222.

2. The motion to quash was properly overruled. Kirby's Digest, § 2279. Error in charging a grand jury is no ground to quash an indictment. 37 La. Ann. 172.

3. The motion for change of venue was properly overruled. Kirby's Digest, § 2318; 54 Ark. 243. The court did not abuse its discretion. 98 Ark. 139; 100 *Id.* 301; 95 *Id.* 239.

4. The indictment states a public offense. Wharton, Cr. Law, No. 1572; 2 Mo. 23; 24 Minn. 158; 15 Wendell, 277; Kirby's Digest, § § 6395, 6398; 102 Ark. 651.

5. There was no error in the ruling as to the examination of the veniremen. But if so, it was harmless, as the challenges had not been exhausted. 91 Ark. 576; *Ib.* 582; 90 *Id.* 586; 93 *Id.* 168; 99 *Id.* 462; 102 *Id.* 180; 100 *Id.* 437; 96 *Id.* 627; 50 *Id.* 492.

6. The testimony as to other gambling houses was properly admitted. 75 Ark. 427; 72 *Id.* 586.

7. There is no error in the instructions. 105 Ark. 598; 77 *Id.* 31; 71 *Id.* 86; 92 *Id.* 71; 94 *Id.* 511; 97 *Id.* 180; 77 *Id.* 531; 73 *Id.* 455.

8. The verdict was not by lot. 91 Ark. 497; 66 *Id.* 264.

9. The verdict is supported by the evidence.

HUMPHREYS, J. Appellant, prosecuting attorney of the Nineteenth Judicial Circuit, was indicted, tried and convicted in the Garland Circuit Court of prosecuting W. S. Jacobs, Porter Austeel, Butch Wright and George Ryan, operators of a gambling house at 336½ Central Avenue, in the city of Hot Springs, for misdemeanors instead of felonies. The indictment charged in substance that appellant filed information against said parties for misdemeanors for gaming, instead of prosecuting them for felonies for operating a gambling house, in order to encourage said parties in the commission of the offenses. A fine of $400.00 was imposed by the verdict. Judgment for the fine and costs was rendered against the appellant, the validity of which is questioned by appeal to this court.

The first assignment of error insisted upon for reversal is the overruling of appellant's motion suggesting the trial court's disqualification and requesting him to

certify such disqualification. The identical question was recently decided adversely to the contention of appellant by this court. We think our conclusions were correct and adhere to the principles announced in the case of *Bledsoe, Sheriff* v. *State,* 130 Ark. 122.

Appellant filed a motion to quash the indictment and insists that the court erred in overruling it. This is a second indictment against appellant for malfeasance in office. The first indictment was quashed by the trial court on motion of appellant, presumably for the reason that the court had conducted the examination of the witnesses before the grand jury, upon whose testimony the original indictment was returned. After quashing the first indictment, the question of gambling and whether such offenses had been countenanced and encouraged by certain officers was referred by the court to another grand jury. On request of appellant, Mr. Wootton, a member of the Hot Springs bar, was selected to assist the grand jury in the investigation of the gambling situation. It was held by this court in the case of *Bledsoe, Sheriff* v. *State, supra,* that the participation of the trial court in the examination of witnesses in a former investigation before the grand jury, did not constitute him either an attorney or counsel in the case within the meaning of Section 20, Article 7, of the Constitution of Arkansas. We also held that the trial court's participation in a former investigation of the same question before a grand jury could not be urged as cause for quashing an indictment returned by a different grand jury upon a subsequent investigation in which he did not participate.

(1) But it is now urged that the instructions given the grand jury that returned the present indictment were of an inflammatory nature, and that the purport of the charge indicated that the trial judge desired that the grand jury return an indictment against appellant. Errors committed by a trial court in instructing grand juries do not constitute grounds for quashing indictments returned by them. Section 2279 of Kirby's Digest points out only three grounds upon which an indictment can be

set aside on motion. The reasons insisted upon for setting aside the indictments in the instant case do not come within the authorized grounds under said section of the digest.

(2) Appellant's motion for a change of venue specified that the minds of the inhabitants of Garland County were so prejudiced against him that he could not obtain a fair and impartial trial therein. Twelve citizens of the county subscribed to an affidavit supporting the motion. They were brought before the court and thoroughly examined as to the extent of their knowledge concerning the matters set forth in the motion. One of them was related by marriage to appellant; others wavered on the proposition of whether it was not possible for appellant to get a fair and impartial trial, and most of them confined their knowledge to the feeling of inhabitants residing in a particular locality in the county. The statute contemplates that the subscribing witnesses shall have fairly accurate information concerning the state of mind of the inhabitants of the entire county toward the defendant. The subscribing witnesses in the instant case failed to meet the requirement of the statute in this respect. This court has uniformly held that unless the trial court has abused its discretion in overruling a motion for change of venue, the order is conclusive on appeal. *Bryant* v. *State,* 95 Ark. 239, and cases cited. *Ford* v. *State,* 98 Ark. 139; *McElroy* v. *State,* 100 Ark. 301.

After a careful reading of the testimony of these witnesses, we cannot say the court abused its discretion in overruling the motion for change of venue.

(3) The sufficiency of the indictment is questioned. The indictment, in effect, charges that appellant fostered the crime of running gambling houses by proceeding against the operators thereof severally for gaming, a misdemeanor under the statute; instead of proceeding against them for feloniously operating a gambling house, a felony under the statute. It is said no such crime is known to the law. We differ from learned counsel in this contention. It is the duty of the prosecuting attorney

to initiate proceedings against parties whom he knows, or has reason to believe, have committed crimes. Kirby's Digest, Secs. 6398-6400.

(4) The fact that his duties rise to the dignity of exercising discretion cannot excuse neglect of duty on his part. Section 6395 of Kirby's Digest imposes a penalty of not less than $50.00 nor more than $1,000.00 on the prosecuting attorney for neglect of duty. If the indictment sufficiently charges a neglect of duty, which this indictment does, it cannot avail to say that a demurrer should be sustained to it because the indictment charges *malfeasance* in office. "The name of the crime is controlled by the specific acts charged, and an erroneous name of the charge does not vitiate the indictment." *Lacefield* v. *State,* 34 Ark. 275; *State* v. *Culbreath,* 71 Ark. 80; *Harrington* v. *State,* 77 Ark. 480; *Kelley* v. *State,* 102 Ark. 651.

(5) Another assignment of error insisted upon for reversal was the court's refusal to permit appellant to ask veniremen on *voir dire* examination whether they opposed or supported appellant in his election to the office of prosecuting attorney. Electors are not supposed to cast their ballots for or against aspirants for office on account of bias or prejudice. The qualification of the candidate is the true criterion. Again, the secrecy of the ballot is accorded electors in this State and questions of this character would be a clear invasion of their right.

(6) Again, it is urged that the court erred in admitting evidence tending to show the existence of other gambling houses in Hot Springs than the one mentioned in the indictment. The charge in the indictment challenged the good faith of the prosecuting attorney for not prosecuting operators of a certain gambling house under the anti-gambling act. His intention and motive was drawn in question. When a question of good or bad faith in the performance or non-performance of an official duty is involved, similar acts of commission or omission occurring about the same time, tending to prove the issue, are admissible. *Howard* v. *State,* 72 Ark. 586;

*Johnson* v. *State,* 75 Ark. 427; *Davis & Thomas* v. *State,* 117 Ark. 296; *Bledsoe* v. *State,* 197 S. W. Rep. 17, 130 Ark. 122.

(7) In support of reversal, appellant challenges the correctness of the instructions given by the court, for the same reasons urged against the sufficiency of the indictment. Having upheld the indictment, it is unnecessary to reiterate the conclusions of the court in these particulars. The contention made by the appellant is to the effect that because a wide discretion is vested in the prosecuting attorney with reference to the prosecution of parties for crime, that the right of discretion must necessarily shield him from indictment or prosecution for omission to perform his duties. This court takes a contrary view of the law. It is the duty of the prosecuting attorney, under the statute, though endowed with discretion in the performance of his duties, to exercise his discretionary powers in good faith. The jury was fairly instructed on this theory of the law, and after a careful reading of the instructions, we find nothing contained in any of them conflicting with this theory.

Instructions A, B, C and D, requested by appellant, were peremptory in nature and presented the opposite theory. We think they were properly refused.

(8) But it is contended that even under the State's theory, reflected by the instructions given by the court, the verdict is not warranted by the evidence. It is not within the province of this court to pass upon the weakness or strength of the evidence. If there is any legal evidence to support the verdict, the rule prevails that on appeal the verdict must stand. The record discloses that gambling houses were being operated openly in many places in Hot Springs in the months of December, 1916, and January, 1917. Not only so, but the very parties against whom the prosecuting attorney proceeded for gambling were operators of a gambling house during a portion of that time. The sum total of the evidence discloses that with little effort the gambling houses could have been discovered. We think from the prosecuting at-

torney's own statement he obtained sufficient informa-
tion from witness Young to warrant him in thoroughly in-
vestigating the gambling situation in Hot Springs.  An
ordinary investigation would have discovered the loca-
tion of gambling houses in many parts of the city, and
the paraphernalia and devices used therein.  There was
no lack of participants in the games, so witnesses were
abundant.  While the law does not impose the duties of
a detective upon a prosecuting attorney, it does impose
upon him ordinary diligence in discovering and abating
crime.

(9)  Lastly, it is urged that the verdict of the jury
was determined by lot.  Lot involves an element of chance.
The quotient verdict is not the result of a lottery.  It is
a certain result ascertained by adding twelve separate
amounts together and dividing the sum total by twelve.
Only one result can be reached.  It would be a lottery if
twelve different amounts were placed on separate slips of
paper and one slip then drawn out, which by agreement
should become the verdict.  The case of *Williams* v. *State,*
129 Ark. 344, cited by appellant in support of his conten-
tion, is not authority that a quotient verdict is a lottery.
The quotient method of arriving at a verdict is condemned
in the Williams case.  The effect of fixing the punishment
in that manner would compel a reduction of the punish-
ment to the minimum fine under the rule laid down in the
case of *Williams* v. *State, supra.*  Verdicts of juries can-
not be impeached by the evidence of jurors except where
the verdict was reached by lottery.  This kind of mis-
conduct cannot be established by jurors.  Thompson on
Trials (2d Ed.), Sec. 2603.

Our attention is called to the case of *Walker* v. *State,*
91 Ark. 497, as holding contrary to the view herein ex-
pressed.  In that case, the record showed the term of
imprisonment was fixed by lot and on that account the
attorney general confessed error.  In the case at bar, the
record does not show that the amount of the fine was
ascertained by lot.

No other evidence except the evidence of jurors be-ing offered to establish the manner of arriving at the verdict in the instant case, and the method adopted not being a lottery, reversible error is not established by competent evidence. The judgment is therefore affirmed.

SMITH, J., dissents.