## Wilkerson v. Duerson.

### (Decided November 13, 1917.)

### Appeal from Warren Circuit Court.

1. **Principal and Agent—Tax Sale—Purchase by Agent—Tax Deed—Validity.**—Where a purchaser at a tax sale is subsequently appointed the owner's agent to manage the property and thereafter collects and remits to the owner sufficient rents to discharge the tax lien without notifying her of his purchase until after the time for redemption has expired and he has acquired a tax deed to the property, his conduct is such a violation of trust as will render the tax deed invalid.

2. **Taxation—Tax Sale—Setting Aside—Lien for Taxes and Improvements—When Denied.**—When a tax sale is set aside the purchaser will not be given a lien for taxes and improvements when it appears that these items are fully covered by rents accruing after he took possession under his tax deed.

3. **Principal and Agent—Accounting of Rents—Reference to Master.**—In a suit by a principal against an agent for an accounting of rents, a reference to the master is properly denied where the agent testified that he remitted all the rents collected to the principal and there is no substantial evidence to the contrary.

JOHN M. GALLOWAY for appellant.

W. B. GAINES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on both original and cross appeals.

Belle Duerson, who was the owner of a house and lot in the city of Bowling Green, brought this suit against R. E. Wilkerson to set aside a tax deed under which he claimed title and for an accounting of rents. In addition to denying the grounds on which the rescision was sought Wilkerson counter-claimed for taxes paid and improvements made. On final hearing the tax deed was set aside and the counter-claim dismissed. From this judgment Wilkerson appeals and plaintiff prosecutes a cross-appeal.

The facts are as follows: Plaintiff lives in Indianapolis, Indiana. The state and county taxes on the property in question were not paid for the year 1912. The property was sold by the sheriff and Wilkerson became the purchaser. Some time later plaintiff came to Bowling Green, and Wilkerson suggested that she ought to have somebody to take care of the property. Subsequently plaintiff wrote Wilkerson a letter asking him to take charge of the property. To this Wilkerson assented and assured plaintiff that he would do the best he could for her. Wilkerson proceeded to collect the rents and have certain repairs made on the property. After paying for the repairs he remitted the balance to plaintiff. Though acting as her agent in this respect, he never notified plaintiff of the tax sale. During his agency he had in his hands sufficient money to pay the taxes, interest, penalties, etc., for which the property was sold. After the time for redemption had expired, the sheriff made him a deed to the property. He then notified plaintiff of his purchase. This was the first intimation plaintiff had of the tax sale.

It is argued for Wilkerson that he was a mere collector of rents and no such relation of trust and confidence existed between him and the plaintiff as would prevent him from taking a deed to the property which he purchased at the tax sale before his agency began. This contention cannot be sustained. Not only his account of the transaction, but the correspondence that passed between him and plaintiff shows that plaintiff trusted him with the absolute management of her property, and that he assured plaintiff that he would do the best he could for her. Though leading her to believe that he was looking after her interests, he concealed from plaintiff the fact that he had already purchased the property at the tax sale and had in his possession the certificate of sale. Though he collected more than enough to discharge the tax lien, he remitted the rents to plaintiff

as if no tax lien were outstanding. Not until the deed was executed and the time for redemption had passed did he inform plaintiff of his purchase. Thus, instead of complying with his agreement to do the best he could for plaintiff, he used his own agency for the purpose of lulling her to rest and depriving her of an opportunity to redeem. His conduct under these circumstances was such a violation of trust as will render the tax deed invalid.

But it is suggested that Wilkerson should have been given a lien for the taxes paid and improvements made. In view of the uncertainty of the evidence as to the amount of the taxes and the sums paid for improvements, we conclude that these items were fully covered by the rents accruing after he took possession under his tax deed.

It is insisted on the cross-appeal that the case should have been referred to the master for an accounting of rents. Since Wilkerson testified that after making certain repairs he remitted to plaintiff all the rents collected and there is no substantial evidence to the contrary, we are of the opinion that the court did not err in refusing the reference.

Judgment affirmed on both the original and cross appeals.