PADGETT *v.* STATE.

Opinion delivered June 28, 1926.

1. CRIMINAL LAW—PETITION FOR CHANGE OF VENUE—SUPPORTING AFFIDAVITS.—Affidavits in support of a petition for a change of venue upon the ground that the defendant could not obtain a fair trial in the county *held* insufficient under Crawford & Moses' Dig., § 3088, where they did not show that affiants were qualified or that they were not related to the defendant.

2. CRIMINAL LAW—CHANGE OF VENUE—AFFIDAVITS.—Affidavits in support of a petition for change of venue on the ground that accused could not obtain a fair trial in the county *held* not to show such acquaintance with the minds of the inhabitants of the county as to qualify affiants as credible persons within Crawford & Moses' Dig., § 3088.

3. CRIMINAL LAW—CONTINUANCE—ABSENT WITNESSES.—In a prosecution for selling intoxicating liquors, denial of a continuance on the ground of the absence of witnesses who would have testified merely as to the absence of drunkenness or disorderly conduct on defendant's premises, was not error, since such testimony would have been irrelevant.

4. CRIMINAL LAW—REFUSAL OF INSTRUCTIONS ALREADY GIVEN.—Denial of requested instructions covered by others given is not error.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; affirmed.

*J. N. Rachels* and *J. R. Linder,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

WOOD, J. This appeal is from a judgment of the White Circuit Court sentencing the appellant to imprisonment in the State Penitentiary for a period of one year on conviction for the crime of selling intoxicating liquor.

1. The appellant filed his petition for change of venue in due form, supported by affidavits in the following form: "We, the undersigned, resident citizens of White County, Arkansas, on oath state that we, and each of us, are familiar with the statements contained in the foregoing petition, and that we, and each of us, believe the same to be true. (Signed) S. G. David, J. R. Jackson, H. L. Kannon. Subscribed and sworn to before me this the 25th day of January, 1926. J. E. Turnidge, J. P."

Two of the affiants to the petition testified to the effect that they did not believe the appellant could obtain a fair and impartial trial in White County from the expressions they had heard from the people around Beebe. One of the affiants had lived in the county and at Beebe more than 25 years. Beebe was the market for a great many people in the western part of the county, and he had come in contact with people from all over the county. From what he had heard of the expressions of several people from different parts of the county he didn't believe the appellant could obtain a fair and impartial trial in the county. This witness concluded his testimony by saying that the people he had heard express opinions about it were around Beebe, his home. "Of course, I don't pretend to say all over the county," said the witness. The other affiant testified that he based his opinion upon what he had heard around Beebe. That was the only place he had been. He stated that he had not talked to any people in Antioch, Albion, Bald Knob, Big Creek and Pangburn townships. "Beebe is about all I know about," said the witness. Witness was in the dray business, and that was not such a business as

caused him to come in touch with a great many people around over the community.

The court overruled the petition for change of venue. This ruling was correct for two reasons. First, the statute requires that the petition for change of venue be supported by the affidavits of two credible persons who are qualified electors and actual residents of the county and not related to the defendant in any way. Section 3088, C. & M. Digest. The supporting affidavit does not show that the affiants were qualified electors of White County and that they were not related in any way to the defendant. Second, the testimony of the two affiants does not show that they were credible persons within the meaning of the statute. Their testimony does not show such knowledge of the condition of the minds of the inhabitants of White County as would justify the affiants in making oath that appellant could not get a fair and impartial trial in the county. *Dewein* v. *State,* 120 Ark. 302, 179 S. W. 346; *Speer* v. *State,* 130 Ark. 457, 198 S. W. 13; *Williams* v. *State,* 162 Ark. 285, 258 S. W. 386.

2. The bill of exceptions shows the following:

"Mr. Linder: We want to file a motion for a continuance. Three of the witnesses called failed to answer, two of which I understand have certificates here from physicians that they are unable to attend court. Court: What is the motion? Mr. Linder: The motion for a continuance sets out the fact that these witnesses are absent not by the connivance or consent of ourselves, that they have been summoned here, and what we expect to prove by them; they live in the community of the defendant down there— Court: You need not go into details; sit down, all of you. Mr. Linder: Shall I file the motion, your Honor? Court: Sit down. Mr. Reporter, take this: This case was regularly set for trial this morning and was called for trial. The witnesses were called and the State announced ready for trial, and the defendant called his witnesses and announced to the court that he couldn't go to trial because two of them were out of the

county and not here. The court thereupon passed the case until the afternoon; before the afternoon, during the recess of the court, counsel for the defendant announced to the court that his witnesses had arrived in the county, that he had a telephone message from them from Kensett, and that he would be ready for trial on the arrival of those witnesses from Kensett, that he would take his chances on any other witnesses. The court is now informed that those witnesses are here, so any further motion to postpone this case is not admissible and will be denied. Mr. Rachels: The conversation I had with the court was that I thought with these people here we could go to trial, also stating to the court that Mr. Linder was in the case with me, and I would ascertain whether or not we could go to trial and let the court know, and Mr. Linder informed me, when I talked to him about it, that it was necessary to have these certain witnesses here, and he prepared the motion, and it is filed, and we would like to present it to the court for further postponement of this case. That is as full as I remember the conversation that I undertook to tell the court. At any rate, I don't want to be placed in the position of binding the defendant, Sidney Padgett, if he has a further legal reason why he should not go to trial. Inasmuch as I am the attorney who talked to the court, I am asking that Mr. Linder be permitted to present to the court defendant's motion, and let the court pass upon the legality of the motion. Court: "Examine the jury, gentlemen." "Save our exceptions."

One of the grounds of error alleged in appellant's motion for a new trial is that "the court erred in refusing to permit counsel for defendant to present motion for continuance in the usual and proper manner, and in refusing to hear the contents of the same, thus depriving the defendant of a legal defense as set out in said motion for continuance." The motion for continuance, which the appellant offered to present, states in substance that three witnesses, naming them, if present, would testify that they are close neighbors of the defendant, and that

they have never seen or been annoyed by disorderly or drunken conduct of persons on the premises of the defendant; that the defendant is basing this defense on the ground that the State will attempt to show by a number of witnesses that there has been disorderly conduct in and near the home of the defendant. The ruling of the trial court was tantamount to a refusal to allow the appellant, under the facts stated by the court, to file and present any further motion for a continuance. This ruling is not prejudicial to the appellant, unless he offered to file a motion in which he set forth testimony of absent witnesses that would be material to his defense and that he had used due diligence to obtain the same; that he believed the testimony to be true, and that there was just ground to believe that the evidence could be had at the next term of the court. Now, the motion for continuance which appellant offered to file in the court below set forth that three witnesses, naming them, if present would testify that they were close neighbors of the defendant, and that they had never seen or been annoyed by disorderly or drunken conduct of persons on the premises of the defendant. The indictment against appellant charged him with unlawfully and feloniously selling and being interested in the sale of intoxicating liquors. The appellant was tried and convicted of this offense. The testimony was sufficient to show that he was guilty of the crime charged. Such being the nature of the offense, the testimony of the alleged absent witnesses, as set forth in the motion for continuance, was not material to the charge, and, if the witnesses had been present and offered to testify as set forth in the motion, it would have been the duty of the trial court to exclude their testimony. Such testimony was wholly irrelevant to the issue as to whether or not the appellant had sold and was interested in the sale of intoxicating liquors. Moreover, the alleged testimony of these absent witnesses was but negative in character, because no testimony is set forth tending to prove that there had been any disorderly or drunken conduct

of persons on the premises of the defendant, Sidney Padgett. Such was not the charge in the indictment, and an attempt upon the part of the appellant to rebut such charge would have been wholly irrelevant. The court therefore did not err in overruling the motion for continuance.

3. Counsel for appellant insist that the court erred in refusing to grant its prayers for instructions numbered from one to thirteen inclusive. Counsel point out no specific objection to the ruling of the court in refusing these instructions. We have examined them, however, and find that such of these prayers as were correct were fully covered by instructions which the court gave. The oral and written instructions as given by the court fully covered the law of the case in conformity with the rules of law governing such cases often announced by this court, and we deem it unnecessary to set out and comment upon them.

We have also examined the specific objection made by the appellant to the refusal of the court to give his instructions numbered 11 and 13 in the original form and to the modification of these instructions and the giving of the same as modified. There was no error in these rulings of the court.

The record presents no reversible error, and the judgment must therefore be affirmed. It is so ordered.