## Lois ROGERS *v.* STATE of Arkansas

CR 73-141                              513 S.W. 2d 908

Opinion delivered September 16, 1974
[Rehearing denied October 21, 1974.]

*Kenneth C. Coffelt,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of possessing stolen property and his punishment was assessed at five years imprisonment in the Department of Correction. We affirmed. *Rogers v. State,* 250 Ark. 572, 466 S.W. 2d 252 (1971). Pending his appeal, appellant was released to serve a federal prison sentence. Upon being paroled he was returned to the proper state authorities, pursuant to a detainer, to serve the previously imposed state sentence. At that time eleven of the twelve trial jurors asked the court by written petition to suspend the three year old judgment. These jurors personally appeared before the court in support of their petition. During this hearing, one of the jurors testified that she had consistently voted for the minimum sentence of one year. However, in the belief that a majority vote of the jurors controlled, she agreed to the five year verdict. The trial court refused to suspend the sentence. Thereupon the appellant filed a motion to vacate the judg-

ment and set aside the jury verdict on the basis of this juror's testimony. On appeal from a denial of that motion, appellant asserts that the jury verdict was invalid and a nullity because the juror's testimony is uncontradicted that she agreed to the verdict in the belief that "she thought the majority ruled." Consequently, appellant argues the verdict was not unanimous. We cannot agree.

Ark. Stat. Ann. § 43-2204 (Repl. 1964) reads:

A juror cannot be examined to establish a ground for a new trial; except it be to establish, as a ground for a new trial, that the verdict was made by lot.

A verdict by lot is defined as involving an element of chance. *Blaylack* v. *State,* 236 Ark. 924, 370 S.W. 2d 615 (1963); *Speer* v. *State,* 130 Ark. 457, 198 S.W. 113 (1917). See also *Strahan* v. *Webb,* 231 Ark. 426, 330 S.W. 2d 291 (1959); *Patton* v. *State,* 189 Ark. 133, 70 S.W. 2d 1034 (1934); *Arnold* v. *State,* 150 Ark. 27, 233 S.W. 818 (1921); and *Fain* v. *Goodwin,* 35 Ark. 109, (1879). In the case at bar, we cannot construe the juror's testimony as tending to establish that the jury verdict resulted from any element of chance. To hold otherwise would subvert the public policy upon which the statute is based; i.e., shielding the stability and sanctity of a jury verdict. If a juror is permitted to impeach a verdict, as in the case at bar, the juror would be permitted to nullify the solemn action under oath of that juror as well as the other fellow jurors.

Furthermore, it does not appear that the appellant availed himself of the right to poll the jury upon rendition of its verdict to ascertain if the verdict was that of each juror as provided by § 43-2160. The statute provides that the verdict cannot be received if a juror says it is not his veridct. Neither do we deem it of any significance that the juror's testimony was elicited by the state upon cross-examination. The answer was not responsive to the question. Even so, the statute plainly safeguards a jury verdict from impeachment by the testimony in the case at bar.

Affirmed.