Lois ROGERS, Plaintiff,

v.

Donald MEEKS, Sheriff of Johnson County, Arkansas, Defendant.

Civ. No. FS-74-127-C.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Dec. 11, 1974.

Kenneth C. Coffelt, Atty., Little Rock, Ark., for plaintiff.

Michael Gorman, Asst. Atty. Gen., for defendant.

## MEMORANDUM OPINION

PAUL X WILLIAMS, Chief Judge.

On November 20, 1974, an amended petition for writ of *habeas corpus* was filed in this Court, having been transferred to the Fort Smith Division of the Western District of Arkansas by an order of Honorable J. Smith Henley, Chief Judge of the Eastern District of Arkansas from the Pine Bluff Division where it has borne the number PB-74-C-356.

The entire subject matter of the application has been communicated to this Court by Hon. Kenneth Coffelt, Attorney for the Petitioner and the Court afforded an opportunity to Mr. Coffelt and to the Petitioner to present evidence in support of the application.

Through his attorney the Petitioner states that he does not care to present

testimony, but desires that the matter be presented to the Court upon the opinions of the Arkansas Supreme Court, the transcript of the case of Rogers v. State, 257 Ark. 13, 513 S.W.2d 908 (1974) under the designation CR-73-141, with filing dates of Oct. 2, 1973 and April 29, 1974; and the *per curiam* order of the Arkansas Supreme Court (Nov. 4, 1974) stating that the appellant, Lois Rogers' Motion to proceed under Criminal Procedure Rule 1 and stay mandate is denied.

Each of these instruments has been examined and a copy thereof made a part of the record in this Court. In addition, the Court has caused Ark. Supreme Court transcript 5561 (the transcript of the original appeal) to be made a part of the record herein and has carefully examined the same.

A brief statement of the factual background is as follows: In 1971, Lois Rogers was convicted of unlawful possession of a stolen tractor in the Circuit Court of Johnson County, Arkansas. The conviction and resulting 5 year sentence was appealed to the Arkansas Supreme Court which affirmed the judgment of the Circuit Court. The opinion is reported in 250 Ark. 572, 466 S.W.2d 252 (1971), and is as follows:

"George Rose Smith, Justice. The appellant, along with two other men, was charged with the crime of having unlawfully possessed a stolen tractor. Tried separately, the appellant was found guilty and was sentenced to imprisonment for five years. For reversal the appellant contends only that the trial court erroneously allowed police officers to narrate to the jury an admission of guilt which the officers wrongfully obtained by threatening to charge the appellant's father with the offense, which the appellant himself had allegedly committed.

"A study of the record shows that the appellant's argument is based upon a misconception of what happened at the trial. The defense vigorously argued that the appellant's admission of guilt was improperly obtained because the officers resorted to a threat against the elder Rogers, as we have indicated. According to the record, however, the court sustained the argument of defense counsel and permitted the jury to hear only an admission made by the younger Rogers before the threat in question was made. We agree with the trial court's conclusion that the earlier admission was voluntarily made. The court properly ruled that all statements elicited by means of the threat were involuntary and were not to be submitted to the jury. In the circumstances the record is simply devoid of prejudicial error with respect to the only point for reversal that is before us.

Affirmed."

It is noted that Honorable Kenneth Coffelt was the Attorney of record.

Pending appeal to the Arkansas Supreme Court, Lois Rogers was released to Federal custody to serve a federal prison sentence. When paroled by the federal authorities, he was returned to the authorities of the State of Arkansas to serve the previously imposed State 5 year sentence.

A petition to suspend the State judgment was presented to the Circuit Court of Johnson County, Arkansas (Hon. Russell C. Roberts, Judge), the judge and Court that had imposed the sentence. That court, after a hearing, refused to suspend the sentence. Lois Rogers appealed to the Arkansas Supreme Court from the refusal to suspend and on September 16, 1974 the Arkansas Supreme Court affirmed the action of the State Circuit Court. That opinion is reported at 257 Ark. 13, 513 S.W.2d 908 (1974) and is as follows:

"Frank Holt, Justice. Appellant was convicted by a jury of possessing stolen property and his punishment was assessed at five years imprisonment in the Department of Correction. We affirmed Rogers v. State, 250 Ark.

572, 466 S.W.2d 252 (1971). Pending his appeal, appellant was released to serve a federal prison sentence. Upon being paroled he was returned to the proper state authorities, pursuant to a detainer, to serve the previously imposed state sentence. At that time eleven of the twelve trial jurors asked the court by written petition to suspend the three year old judgment. These jurors personally appeared before the court in support of their petition. During this hearing, one of the jurors testified that she had consistently voted for the minimum sentence of one year. However, in the belief that a majority vote of the jurors controlled, she agreed to the five year verdict. The trial court refused to suspend the sentence. Thereupon the appellant filed a motion to vacate the judgment and set aside the jury verdict on the basis of this juror's testimony. On appeal from a denial of that motion, appellant asserts that the jury verdict was invalid and a nullity because the juror's testimony is uncontradicted that she agreed to the verdict in the belief that 'she thought the majority ruled.' Consequently, appellant argues the verdict was not unanimous. We cannot agree.

"Ark.Stat.Ann. § 43–2204 (Repl. 1964) reads:

A juror cannot be examined to establish a ground for a new trial; except it be to establish, as a ground for new trial, that the verdict was made· by lot.

"A verdict by lot is defined as involving an element of chance. Blaylack v. State, 236 Ark. 924, 370 S.W.2d 615 (1963); Speer v. State, 130 Ark. 457, 198 S.W. 113 (1914). See also 457, 198 S.W. 113 (1914). See also S.W.2d 291 (1959); Patton v. State, 189 Ark. 133, 70 S.W.2d 1034 (1934); Arnold v. State, 150 Ark. 27, 233 S.W. 818 (1921); and Fain v. Goodwin, 35 Ark. 109 (1879). In the case at bar, we cannot construe the juror's testimony as tending to establish that the

jury verdict resulted from any element of chance. To hold otherwise would subvert the public policy upon which the statute is based; i. e., shielding the stability and sanctity of a jury verdict. If a juror is permitted to impeach a verdict, as in the case at bar, the juror would be permitted to nullify the solemn action under oath of that juror as well as the other fellow jurors.

"Furthermore, it does not appear that the ·appellant availed himself of the right to poll the jury upon rendition of its verdict to ascertain if the verdict was that of each juror as provided by § 43–2160. The statute provides that the verdict cannot be received if a juror says it is not his verdict. Neither do we deem it of any significance that the juror's testimony was elicited by the state upon cross-examination. The answer was not responsive to the question. Even so, the statute plainly safeguards a jury verdict from impeachment by the testimony in the case at bar.

·Affirmed."

It will be noted again that Lois Rogers' attorney was Hon. Kenneth Coffelt, the same as in the original case.

There is no controversy but that on November 4, 1974 the Arkansas Supreme Court denied Mr. Rogers' motion to proceed under Criminal Procedure Rule 1 and also his request to stay mandate.

While Mr. Rogers is—or was—out on bond there is no question but that he is in State custody; and there is no question but that he has exhausted State remedies.

This action is a 28 U.S.C. 2254 proceeding and this court has jurisdiction of the parties and the subject matter.

2254(a) provides that a United States District Court shall entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody

in violation of the constitution or laws or treaties of the United States.

■ The burden of proving a violation of the Constitution or laws or treaties is on the applicant petitioner. Hawk v. Olsen, (1945) 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61; Harris v. Tahash, (8 Cir. 1965) 353 F.2d 119; Williams v. Smith (5 Cir. 1970) 434 F.2d 592.

2254(d) provides that:

In any proceeding instituted in a Federal court by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the fact finding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

■ In this case the Arkansas Supreme Court has made a determination (after a hearing on the merits) of a factual issue and has rendered an opinion to the effect that a jury returned a valid verdict. By the express terms of 2254(d) this finding is presumed to be correct "unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit" one or more of the eight listed provisions. Taking the listed provisions in order we find:

(1) that the State court resolved the merits of the factual dispute;

(2) that the State provided a full and fair hearing;

(3) that Mr. Rogers was ably represented by counsel and all material facts were adequately developed in the State hearing;

(4) that the State has jurisdiction of the defendant and of the subject matter;

(5) that the defendant was not an indigent and that he was represented by Hon. Kenneth Coffelt, a very able and diligent attorney whom Mr. Rogers selected and who still is ably and diligently representing Mr. Rogers;

(6) that Mr. Rogers received a full, fair, and adequate hearing in the State court on each occasion;

(7) that Mr. Rogers was in no manner deprived of due process of law;

(8) the record of the entire proceeding is before the court and the factual determination is fairly supported by the record.

In view of the above findings, the burden rests upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

The transcript of the State proceedings in which applicant seeks to show that there was no valid jury verdict of conviction is before the Court. It shows a valid jury verdict of conviction. (Page 235–6 of original Arkansas Supreme Court transcript.) Applicant seeks to contradict the 1971 conviction by the 1974 testimony of a juror that in 1971 she did not intend to vote for a conviction and that she joined in the verdict under a misapprehension. This argument was made to the trial court at the Circuit Court level of the State proceeding and that court refused to set aside the verdict. The specific matter was appealed to the Arkansas Supreme Court and that Court expressly and specifically considered the validity of the verdict and the evidence submitted in the attempt to impeach it and the Arkansas Supreme Court refused to disturb the verdict, thereby finding as a fact that the verdict was a unanimous verdict.

The State court pointed out that the defendant and his able attorney were present and had opportunity to poll the jury when the verdict was returned and accepted by the trial court and they made no complaint whatever about the verdict either in the trial court or in the Arkansas Supreme Court appeal in 1971.

Arkansas Statute, § 43–2204 specifically prohibits the examination of a juror to establish a ground for new trial except to show that a verdict was by lot.

There is no contention or showing that the verdict was by lot.

The State jury proceeding is shown by the record to be regular and as Judge Frank Holt said in his opinion:

"The statute plainly safeguards a jury verdict from impeachment by the testimony in the case at bar."

We note that the proposed Rules of Evidence for U. S. Courts at Section 606(b) indicate that, when adopted, we will have restrictions on what a juror can testify to after a verdict has been returned—and the notes to the proposed rule point out the following:

"Testimony or affidavits of jurors have been held incompetent to show a compromise verdict, Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114. A quotient verdict, McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300; Mistake in returning verdict, United States v. Chereton, 309 F.2d 197 (6th); Speculation as to insurance coverage, Farmers Coop. v. Strand, 382 F.2d 224 (8th)."

The rule does not purport to specify the substantive grounds for setting aside verdicts; it deals only with the competency of jurors to testify concerning those grounds.

In the case at bar, as in any case where a period of time has elapsed, public policy recognizes that finality is

to be sought—and a juror will not be heard to later say it was not his verdict when he stood in open court and took part in the announcement of the verdict.

In the case of CRI & P Rd. Co. v. Speth, 404 F.2d 291 (8th Cir. 1968) the Court of Appeals for the 8th Circuit treated this problem and used the following language.

"It is well settled that a jury's misunderstanding of testimony, misapprehension of law, errors in computation or improper methods of computation, unsound reasoning or other improper motives cannot be used to impeach a verdict. These matters all inhere in the verdict itself. Farmers Co-op. Elev. Ass'n Non-Stock, etc. v. Strand, 382 F.2d 224, 230 (8 Cir. 1967); United States v. Kansas City, Mo., 157 F.2d 459 (8 Cir. 1946); Stewart v. United States, 300 F. 769, 788 (8 Cir. 1924).

"The reasons for the rule are best stated in McDonald v. Pless, 238 U.S. 264, 267, 35 S.Ct. 783, 784, 59 L.Ed. 1300 (1915), where the United States Supreme Court said:

"But let it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party * * *. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation— to the destruction of all frankness and freedom of discussion and conference."

█ The case at bar is an attempt to impeach a verdict rendered in 1971. The verdict was returned in open court. The defendant and his able counsel did not even poll the jury.

To wait 4 years and then permit a juror to now say that he or she did not join in the verdict when the record and proof show that each juror returned the solemn verdict in open court would be to invite a breakdown in the jury system.

Among other things it presents too great a chance that knowledgeable people will be led to believe that a juror has been seduced in some manner and paid to say that the solemn pronouncement in open court was not in fact a unanimous verdict.

It would permit one juror, at a late date, to nullify the action taken under oath by each and all of the 12 jurors as well as to nullify solemn court action taken in reliance on the verdict.

The application for *habeas corpus* should be denied and the clerk will prepare order.