## WOOD *v.* CLAIBORNE.

### Opinion delivered April 29, 1907.

1. PARENT AND CHILD—AUTHORITY OF PARENT TO RECEIVE MONEY FOR CHILD.—A parent, as the natural guardian of his infant child, has no authority, before the execution of a bond as guardian, to receive money due the infant. (Page 517.)

2. INFANCY—AUTHORITY OF NEXT FRIEND.—While any person may bring a suit as the next friend of an infant without giving bond, such next friend is not authorized to receive the money of the infant collected upon the judgment recovered in such an action. (Page 518.)

3. ATTORNEY AND CLIENT—ELECTION OF REMEDIES.—If an attorney without authority pays money of his infant client to his father, who was not authorized to receive it, the client may recover it from the attorney; and it is no defense for the attorney to show that the client first endeavored without success to collect it from his father. (Page 518.)

4. SAME—INTEREST.—An attorney collecting money for an infant client will not be liable for interest thereon, where there was no person authorized to receive it during his minority, until demand by suit or otherwise made by the infant after he comes of age. (Page 521.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed with modification.

## STATEMENT BY THE COURT.

Henry Claiborne, a boy about 12 years of age, was injured on the turntable of the Hot Springs & Western Railway Company. His father, D. W. Claiborne, acting as next friend, employed the firm of Wood & Henderson, attorneys at law, to bring an action against the railway company to recover damages for the injury. They brought an action for Henry Claiborne by his father as next friend against the company and recovered two thousand dollars. This money was paid by the company to Wood & Henderson, and, after deducting the amount of their fee, they paid the balance, one thousand dollars, to D. W. Claiborne, the father and next friend of Henry Claiborne, there being no regular guardian. After or shortly before he became of age Henry Claiborne brought an action against his father to recover the money paid to him by Wood & Henderson and recovered judgment therefor, and interest amounting to about $1,200, but this judgment was never collected, for the reason that no property of D. W. Claiborne was found upon which to levy execution.

Afterwards in 1904 Henry Claiborne brought this action against Wood & Henderson to recover the money, alleging in substance that they had wrongfully paid the money to D. W. Claiborne, he not being the guardian of the plaintiff.

Wood & Henderson filed an answer, admitting that the money had been paid to D. W. Claiborne, the father and next friend of plaintiff, because there was no regularly appointed guardian of plaintiff, and that under such circumstances D. W. Claiborne was authorized to receive it.

They further alleged that plaintiff after he became of age brought an action against D. W. Claiborne, his father and next friend, for the money paid to him by the defendants, and prosecuted the same to judgment; that this action of plaintiff was a full ratification of the acts of defendants in paying the money, and that he had afterwards no right of action against defendants.

On the trial plaintiff recovered judgment for $1,582.25, and Wood & Henderson appealed.

*Mehaffy & Armistead,* for appellants.

1. Introduction of matter foreign to the issue in the opening statement to the jury is improper and should be corrected by the court. 16 N. W. 384; 48 N. W. 647; 63 N. W. 928. It is improper to comment on the fact that pleadings have been amended. 1 Thompson on Trials, § 260; 140 Mass. 250; 176 Mass. 363; 87 Mass. 242; 61 Ark. 137. If the argument is improper, it is presumed to be prejudicial, particularly where the verdict is against the weight of the evidence. 17 S. W. 402; 63 Ark. 174.

2. Prosecution of one remedial right to judgment, whether the judgment is for or against the plaintiff, is a decisive act which constitutes an election barring subsequent prosecution of inconsistent remedial rights. 117 Ga. 207; 82 Ga. 646; 61 Kan. 785; 20 So. 890; 86 N. W. 571.

Appellee, having prosecuted his suit to judgment in the circuit court in which suit his age was found by the jury to be at that time 21 years, upon that issue directly submitted to them, is bound by that judgment. 1 Black on Judgments, § 198; 20 Pac. 47.

An infant's contract is not void, but voidable, and may be ratified or affirmed after he reaches his majority, and slight circumstances demonstrating his assent will be sufficient. 17 Am. Dec. 735; 143 Mass. 224; 14 Mass. 457; 8 Tex. 80; 73 Me. 252; 38 Me. 450; 24 Cal. 195.

*Carmichael, Brooks & Powers,* for appellee.

1. Appellants had no right to pay over the money to the next friend, notwithstanding he was the father and natural guardian of the infant, unless he had qualified by giving bond. Kirby's Digest, § 3757; 35 La. An. 310; 107 N. Y. 580; 61 Ark. 26; 41 Mo. App. 416; 1 Dem. Sur. 299; 8 Fla. 144. Payment to the next friend of money due upon a judgment recovered by him in the name of an infant is a nullity. 10 Yerg. (Tenn.), 10, and cases cited; 9 Cal. 591; 7 Wend. 354; 34 Ala. 566; 5 Humph. 290; 15 Wend. 631; 2 La. Ann. 71; 46 Ga. 577; 22 Page, 365.

2. In paying over the money to one not authorized to receive it, appellants were guilty of negligence. 5 Words and Phrases, 4743; 5 Thompson on Neg. § 6680; *Id.* § 6702; Kin-

kead, Law of Torts, par. 61. Joint tort feasors may be sued jointly or separately. Bishop on Non-Con. Law. par. 518.

3. Appellee's act in suing his father was no ratification of the act of appellant in paying the money over to the father. 1 Am. & Eng. Enc. of Law (2 Ed.), 490; 50 Atl. 644; 7 Robt. 623; 82 N. Y. 327; 1 Parsons, Contracts, 346; 48 Miss. 278; 80 Ind. 1; 1 Chitty on Contracts, 11 Am. Ed. 293; Story on Agency, § 251; 46 E. C. L. 236; 84 Mo. 13; Tiffany's Pers. & Dom. Rel. 286. The suit by the appellee against his father was not such an election of remedies as to bar this suit. 16 Am. & Eng. Enc. of Law (2 Ed.), 289; 44 Ark. 156; 4 L. R. A. 148; 14 L. R. A. 214; 15 Cyc. 257; 1 P. Wms. 285; 95 Ill. 519. And his judgment against the father was not *res judicata*. 15 Abb. Pr. 193; 1 Wash. C. C. 70; 14 N. Y. 329; 132 Mass. 105; 94 U. S. 351; Black on Judg. § 505; Baylies, Code Pl. 393; Bigelow on Estop. 10; 33 Neb. 373; 38 Nev. 736.

4. The remarks of counsel to which appellants object violated none of the rules with reference to improper remarks of counsel announced by this court. See 61 Ark. 143; 65 Ark. 625; 58 Ark. 581. And the verdict was responsive to the evidence, and not to remarks of counsel. 74 Ark. 260.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment rendered against them in the circuit court in favor of plaintiff for money recovered by defendants for him during his minority and paid by them to his father for him. There are only two questions presented by the appeal that it is necessary to notice. First, was the payment of the money to D. W. Claiborne, the father of the plaintiff, for him during his minority unauthorized? Second, does the fact that the plaintiff previously brought an action and recovered a judgment against his father cut off his right to bring this action against defendants?

As to the first question: It was decided in *Sparkman* v. *Roberts,* 61 Ark. 26, that a parent as the natural guardian of an infant before the execution of a bond as such guardian had no authority to receive money due the infant. Although D. W. Claiborne, the father of the plaintiff, appeared as his next friend in the action in which the judgment for the money was recovered, yet under our statute a next friend has no authority to

receive the money of an infant recovered in the action brought by him for the infant. Our statute provides that "any person may bring the action of an infant as his next friend; but the court has power to dismiss it if it is not for the benefit of the infant, or to substitute the guardian of the infant or another person as the next friend." Kirby's Digest, § 6021.

Under this statute any person may bring a suit as the next friend of an infant without giving bond, and to allow the next friend to receive the money of the infant collected upon the judgment recovered in such actions would subject the estates of infants to spoliation by irresponsible parties appearing as their next friend. We have seen that the statute does not permit even the father or mother of an infant to take charge of his estate without first giving bond as guardian of the infant. There is nothing in the statute that confers such authority upon the next friend of an infant, and we are of the opinion that he has no such authority. *Miles* v. *Kaigler,* 10 Yerg. (Tenn.) 10, 30 Am. Dec. 425; *Allen* v. *Roundtree,* 1 Speers, L. (S. C.) 80; *Klaus* v. *State,* 54 Miss. 646; *Gulf R. Co.* v. *Styron,* 66 Tex. 421; 14 Enc. Plead. & Prac. 1037.

We have examined this question, though the point was not raised by brief of counsel, for the reason that we felt some doubt as to whether an attorney was not justified in paying the money recovered for an infant in an action brought by him by his father as his next friend, but our conclusion is that under a statute like ours such a payment is unauthorized.

The next question, and the one that has been urged with much force by counsel for appellant, is that the plaintiff, by first bringing an action against his father to recover the money paid to him, has elected to ratify the act of the defendants in paying the money to his father, and can not now maintain an action against the defendants for making such payments. This argu-ment is based on the contention that the prosecution of an action against his father to recover the money paid by defendants to him is inconsistent with a claim for damages against the defend-ant for making the payment. The rule is well settled that a plain-tiff will not be permitted to prosecute two inconsistent actions. For instance, if one brings an action and recovers judgment for the price of a horse which he claims to have sold to the defend-

ant, he can not afterwards bring replevin to recover the horse on the ground that he never in fact sold it. So the question here is whether the present action against defendants is inconsistent with the action previously brought against his father. After a careful consideration of that question, we are of the opinion that these actions were not inconsistent. The relation between an attorney and a client for whom he has collected money is not that of debtor and creditor, but that of principal and agent. *Wallis* v. *State,* 54 Ark. 611. The client for whom the money was collected in the former suit was the infant, and not the next friend. When the money was collected, the defendants held it as the agent of the plaintiff. If they wrongfully disposed of it, the plaintiff was not required to elect whether he would sue the defendants for the unlawful conversion of the money or the party to whom it was paid. He had the right to follow the fund and to bring an action against any one into whose hands it came with notice of plaintiff's rights, without relieving his agents of liability for having wrongfully disposed of the money belonging to him. To maintain the action against the party receiving the money, plaintiff did not have to condone the act of the agent in making the payment or admit that the payment was properly made. On the contrary, his contention is that the payment by the agent was unlawful, and that both the agent and the party receiving the money are liable.

"All actions which proceed upon the theory that the title to property remains in plaintiff are naturally inconsistent with those which proceed upon the theory that title has passed to defendant. But there is no inconsistency between different remedial rights all of which are based upon claim of title to property in plaintiff." 15 Cyc. 258, 259. Now, both of the actions instituted by plaintiff in this case are based on the theory that the money paid by defendants to his father belonged to plaintiff. In the action against his father his contention was that his father had received the money of plaintiff, and that, whether wrongfully received or not, he should pay it to plaintiff. In this action he contends that the payment of his money by defendants to his father was without authority, and that, as he has not been able to recover it from his father, the defendants should pay it. If an agent without authority pays money of his principal to an irresponsible

person, who squanders it, the principal can recover it from the
agent; and it is no defense for the agent to show that the prin-
cipal first endeavored to collect it from the person to whom it
was paid, *Fowler v. Bowery Savings Bank,* 113 N. Y. 450, 10
Am. St. Rep. 479, 4 L. R. A. 145; *Vance v. Kirk,* 20 W. Va. 344.

But there is a distinction between the case of an agent who
pays money of his principal in that way and a debtor who pays
money to a third person to be paid to the creditor for the debtor.
If the person fails to pay the creditor as he promised the debtor
to do, the creditor may elect to treat the debt as unpaid and hold
the debtor, or he may ratify the act of the debtor and sue the
other party for the money, but he can not do both; and when he
brings his action against one, he loses his right to hold the other
responsible. This distinction is clearly pointed out in the case of
*Fowler v. Bowery Savings Bank,* above referred to, and the rea-
son why the creditor can not sue the party to whom his debtor
has paid money for him without losing his right to sue the debtor
therefor is that the money paid by the debtor in that case belongs
to the debtor, and it remains his money until the creditor ratifies
the payment. The creditor has no right of action against such
third party until he ratifies the payment, for, as before stated,
until he does so the money belongs to the debtor, who must
bear the loss if the money is not paid. The creditor is not in
law injured by the nonpayment, for his debt is not affected. It
follows therefore that, if the creditor elects to treat the money
paid to the third party as belonging to him and brings suit for it,
he can not afterwards sue the original debtor, for as soon as the
money becomes the property of the creditor the debt is dis-
charged. After having brought an action and recovered a judg-
ment against the party to whom the debtor paid the money for
the creditor, the creditor can not afterwards sue the debtor for
the debt, for by the first action the creditor has admitted that the
debt was paid, and that the title of the money has passed to him.
The two actions are inconsistent, and one is a bar to the other.

But in this case the relation between the defendants and
plaintiff was not that of debtor and creditor, but of agent and
principal. They did not pay their own money to the father of
plaintiff in the attempt to discharge a debt which they owed the
plaintiff, but they paid out his own money which they held as

his agents. If the money was paid without authority, he had at once a right of action both against the agents and the party who received it with notice of his rights. To bar the right of action of plaintiff against his agents, they must show, not only the recovery of a judgment by him against his father, but that the judgment has been satisfied. In other words, it must be shown that plaintiff has received his money or the value thereof. *Fowler* v. *Bowery Savings Bank,* 113 N. Y. 450, 10 Am. St. Rep. 479; *Vance* v. *Kirk,* 29 W. Va. 344; *First Nat. Bank* v. *Wallis,* 84 Hun (N. Y.), 376; *Carew* v. *Lillienthall,* 50 Ala. 44; *Crossman* v. *Universal R. Co.,* 127 N. Y. 34; *Equitable Life Ass. Society* v. *May,* 82 Ga. 646; 28 Am. & Eng. Enc. Law, 1120, and cases cited.

Having reached the conclusion that the money of the plaintiff held by the defendants as his agents was wrongfully paid out by them, and that the former action brought by plaintiff against his father is not inconsistent with the present action against defendants, and that the claim of plaintiff has not been satisfied, it follows that he is on the undisputed facts entitled to a judgment. The question as to whether the plaintiff was of age or not at the time the first action was brought is not under this view of the case material, nor under this view can the statement of counsel of plaintiff made in the opening argument to which objection was made be considered as prejudicial.

But the court below not only gave the judgment against the defendants for the money collected by them, but for interest thereon from the time it was paid to the father of the plaintiff. Now, if the defendants had retained this money in their possession, they would not have been liable for interest until demand therefor. 4 Cyc. 970. Acting in perfect good faith, defendants paid the money collected by them to the father of plaintiff. As the plaintiff was at that time a minor, the money could not lawfully have been paid to him; and, as he had no regular guardian, it follows, if plaintiff's contention is sound, that the defendants should have retained the money until he arrived of age and demanded it. If they had done that, he would not have been entitled to interest, in the absence of any showing that the defendants had used the money. But it is certain that they did not use it, for it is admitted that they turned it over to his father. The

defendants, no doubt, supposed that the money would be disposed of by the father for the benefit of plaintiff in some lawful way, or that it would be kept for the plaintiff and turned over to him upon his arrival of age. Until they were notified of the default of the father, they had no reason to suppose that payment would be required of them, and they were not in default until demand for the money was made on them. So the only damage plaintiff has suffered is the failure to pay him his money with interest from the time he demanded it after he came of age, which was when this action was commenced. The judgment of the circuit court will be modified so as to allow plaintiff judgment for one thousand dollars with interest from the commencement of this action, and affirmed with that modification. It is so ordered.