SNOW *v.* STATE.

Opinion delivered September 29, 1919.

1. CRIMINAL LAW — VALIDITY OF INDICTMENT — ENDORSEMENT OF NAMES OF WITNESSES ON INDICTMENT—MOTION TO QUASH.—An indictment should not be quashed on account of the failure to endorse thereon the names of witnesses, but on application of the accused the court should require the prosecuting attorney to endorse the names of the witnesses on the indictment or furnish a list of the witnesses to the accused.

2. TRIAL—CONTINUANCE—ABSENT WITNESS.—A cause will not be continued on account of the absence of a witness, where the witnesses' testimony would be merely cumulative of the testimony of other witnesses present, or where the appellant fails to show diligence in procuring the witnesses' attendance.

3. RAPE—SUFFICIENCY OF THE EVIDENCE.—In a prosecution for rape six boys, including defendant, were present when the act was consummated. The prosecutrix testified that the act was without her consent; the boys testified that she consented. *Held,* it can not be maintained that the verdict of guilty of assault with attempt to rape was entirely without substantial evidence to support it.

4. RAPE—DEGREE OF CRIME.—Where the finding of the jury was that defendant had sexual intercourse with the accused forcibly and against her will, the defendant should have been found guilty of the crime of rape, but the defendant can not complain that the jury found him guilty of an assault with intent to commit rape.

5. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—WITNESS PRESENT AT TRIAL.—The granting of a new trial on the ground that testimony favorable to defendant was not given by a witness present at the trial is within the sound discretion of the trial court.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Jesse Reynolds* and *G. O. Patterson,* for appellant.

1. The motion to quash the indictment should have been sustained because the names of the witnesses were not endorsed upon it. 33 Ark. 174; Kirby's Digest, § 2225.

2. It was error to refuse defendant's motion for a continuance. Due diligence was shown.

3.   The prosecutrix is contradicted in so many ways that the verdict should not stand and the verdict was not the verdict of the jury but a quotient verdict and in any event the punishment should be reduced to the minimum.   34 Ark. 232; 66 *Id.* 264; 91 *Id.* 502.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1.   It was not error to overrule the motion to quash the indictment.   33 Ark. 174.

2.   The motion for continuance was properly overruled.   No injustice is shown nor abuse of discretion by the court.   40 Ark. 144; 26 *Id.* 323; 79 *Id.* 594; 82 *Id.* 203; 100 *Id.* 132; 103 *Id.* 354; 119 *Id.* 450; 110 *Id.* 402; Kirby's Digest, § 7613.   The burden was on defendant to show due diligence.   94 Ark. 169; 71 *Id.* 62.   The witnesses also were non-residents.   110 Ark. 402; 90 *Id.* 384; 103 *Id.* 509.

3.   The motion for new trial for newly discovered evidence was properly overruled.   2 Ark. 133; 74 *Id.* 377; 76 *Id.* 88.

4.   The evidence was sufficient to sustain the verdict and there is no evidence to show a quotient verdict.   66 Ark. 232; 91 *Id.* 502; Kirby's & Castle's Digest, § 2595.   See also 130 Ark. 457.

McCULLOCH, C. J.   An indictment was returned by the grand jury of Johnson County accusing the defendant Hobart Snow of the crime of rape, committed on the person of Pearl Martin, a young woman about the age of seventeen years.   On the trial of the case defendant was convicted of assault with intent to rape and the punishment was fixed at confinement in the penitentiary for a term of fifteen years.

The first ground urged for reversal is that the court erred in refusing to quash the indictment because the names of all the witnesses who appeared before the grand jury were not endorsed on the indictment.   The record does not show that defendant asked for a ruling of the court on the motion to quash.   Moreover, this court de-

cided in *Johnson* v. *State,* 33 Ark. 174, that an indictment should not be quashed on account of the failure to endorse thereon the names of witnesses, but that on application of the accused the court should require the prosecuting attorney to endorse the names of the witnesses on the indictment or furnish a list of the witnesses to the accused. No such application was made to the court in this case.

The next ground for reversal urged is that the court should have granted defendant's motion for continuance on account of absent witnesses. It is stated in the motion that the two witnesses would testify that they were present when the act of sexual intercourse took place between defendant and Pearl Martin and that she consented to the intercourse. This testimony would have been cumulative of that of other witnesses who were present at the trial. Besides, the motion for continuance failed to show diligence in an effort to procure the attendance of the absent witnesses. The testimony shows that there were six boys present, defendant being one of them, and that three of them had intercourse with the girl. She testified, in substance, that the intercourse with her was had forcibly and against her will, but the boys testified that she consented. There is a conflict in the testimony, but the verdict of the jury determined that issue against the defendant. It can not be successfully maintained that the verdict is entirely without substantial evidence to support it. If the sexual intercourse between defendant and the girl was, as the jury found, forcibly and against her will, the verdict should have been one finding defendant guilty of the crime of rape, for it seems to be undisputed that the act of sexual intercourse between the parties was fully consummated. But the fact that the jury have acquitted defendant of the higher offense, which the evidence warranted, is not a matter of which he can complain since the verdict of the jury was an act of leniency.

Again, it is urged that the judgment should be reversed because the jury fixed the verdict by the quotient method. This charge is not sustained by evidence, except by the affidavit of a juror, which is inadmissible to impeach the verdict. *Speer* v. *State,* 130 Ark. 457.

The motion for new trial sets forth newly-discovered evidence favorable to defendant, which a witness introduced by him failed to disclose when he was examined. The motion fails to show diligence. The witness was introduced by defendant and gave testimony favorable to his defense, but questions were not propounded to elicit the testimony said to have been disclosed after the trial. The granting of a new trial on such grounds is generally a matter within the sound discretion of the trial court, and no abuse of discretion is shown in this instance.

Affirmed.