STEED v. WRIGHT.

Opinion delivered June 17, 1929.

*Reinberger & Reinberger,* for appellant.

*Bridges & McGaughey,* for appellee.

McHANEY, J. Appellees sued appellant to recover damages for personal injuries sustained in an automobile accident on the night of June 2, 1928, on the Tamo pike, southeast of Pine Bluff, Arkansas. There was a verdict and judgment in favor of appellees as follows: Mrs. Virginia M. Wright, $5,000; William P. Wright, $300; William P. Wright as next friend of William P. Wright, Jr., $1.

1. For a reversal of the case appellant first urges that the judgment is without sufficient evidence to support it. In this appellant is in error, as there appears to be ample testimony in the record to take the case to the jury on the question of appellant's negligence. Taking the evidence in its most favorable light to appellees, which we must do in determining this question, the facts are that Mr. Wright, his wife and little son were driving from Pine Bluff to their home, on a dark and rainy night, at a moderate rate of speed, with the lights on their car burning, and on the right-hand side of the road; that they were met by the car of appellant, going towards Pine Bluff at a rapid and excessive rate of speed, without lights, and on the wrong side of the road; that the ditches on each side of the road were full of water from the excessive rains; that appellee, William P. Wright, saw appellant's car approaching him on the wrong side of the road, and, in order to avoid a head-on collision, swerved his car to the left, as he could not swerve to the right without going into the ditch, three or four feet deep,

full of water, in an unsuccessful attempt to avoid a collision; and that his car was struck by that of appellant as he attempted to get out of his way to the left. Also appellant admitted that it was his fault, several witnesses testifying to his admissions shortly after the accident occurred. This was sufficient evidence to take the question of appellant's negligence to the jury.

·2. It is next insisted that instruction No. 1, given at the request of appellees, is not supported by any evidence in the case, and was therefore erroneous. This is a lengthy instruction, and we think it would serve no useful purpose to set it out. We have examined it carefully, and find it and other instructions given more favorable to appellant than he was entitled to.

3. It is next said that William P. Wright, Jr., the infant son, should not have been permitted to recover, as there was no proof that he sustained any damage whatever. There was a recovery in his favor for only $1, a nominal sum. The proof shows that he and the other occupants of the car were thrown out upon the ground, and Mrs. Wright testified that she saw blood on Junior's head, but that he was not seriously hurt. We think this sufficient to sustain a recovery for at least nominal damages.

4. It is next said that instruction No. 8 was wrong because it permitted the jury to consider Mr. Wright's expenses for doctors' bills and medical bills, when neither Mr. Wright nor the doctor were able to testify exactly what this amount was. Dr. Simmons testified that he had a bill against Mr. Wright for something over $400, and at least one-half of it was for treatment of this injury to Mrs. Wright. This justified a recovery of at least $200, and the testimony further showed that appellee had been out some expense for medical bills, the exact amount of which he did not know, as he kept no account of it. Furthermore, his wife was confined to her bed for a period of ten days, and more than a month about the house, which justified a recovery in Mr.

Wright's favor for loss of *consortium* of his wife. We cannot therefore say that a recovery of $300 was excessive in his favor.

5. It is next insisted that the judgment in favor of Mrs. Wright for $5,000 is excessive and appears to have been rendered as the result of passion and prejudice on the part of the jury. There is nothing in the evidence to show that the jury was swayed by passion and prejudice; but counsel say that the jury were influenced in their verdict by the very attractive and winsome ways of Mrs. Wright when she appeared on the witness stand in her own behalf. Mrs. Wright is referred to very gallantly by counsel as a very beautiful and attractive young matron in the community. Conceding this to be true, although not reflected by the record, it cannot be said to be a fault, but on the contrary a very commendable virtue, and one that should not penalize her before a jury of men who are merely human. The evidence showed that Mrs. Wright was thrown from the automobile into a ditch full of water, and would have drowned but for the fact that her husband was able to rescue her. As heretofore stated, she was ten days in bed, and more than a month confined to her home, during which time she suffered great pain and inconvenience. She also received cuts upon her hand, her arm and her nose, leaving disfiguring scars. But the worst injury, as shown by the evidence, in addition to a permanent lateral curvature of the spine and a lowering of one shoulder two inches on account thereof, was that the injuries she received and the fright and shock she sustained caused the total cessation of the functions of the milk glands in both breasts, depriving her infant child, a babe in arms, of the source of food supply which nature had provided, thereby endangering the health and life of that infant and any others that she may bear in the future. Therefore two permanent injuries were received by Mrs. Wright, either of which, taken in connection with the other lesser injuries, was sufficient, in our judgment, to sustain the recovery.

6. It is finally insisted that the case should be reversed because it is said that the jury arrived at its verdict by lot. One juror was offered, whose testimony tended to show that the jury reached a quotient verdict, and not by lot. The juror offered to testify, but the court excluded it, that the jurors were all agreed that a verdict of some amount should be rendered, and that they wrote on separate slips of paper what they thought the amount of the verdict should be, which was totaled and divided by twelve. The testimony of this witness does not show that they agreed in advance to be bound by such procedure, and were not bound, as the result following that procedure amounted to $4,600. Thereupon, after some dispute and argument, the jury finally agreed upon a $5,000 verdict. Under § 3220, C. & M. Digest, "a juror cannot be examined to establish a ground for a new trial, except it be to establish, as a ground for a new trial, that the verdict was made by lot."

Conceding that this statute applies to civil cases,* the evidence of the juror did not tend to establish that the verdict was determined by lot, under the rule announced in *Speer* v. *State,* 130 Ark. 357, 198 S. W. 113, and *Snow* v. *State,* 140 Ark. 7, 215 S. W. 3.

We find no error, and the judgment is affirmed.

* In *Ward* v. *Blackwood,* 48 Ark. 396, the court held that this statute did not apply to civil cases. (Reporter).