ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY *v.* STEELE.
Opinion delivered February 22, 1932.

198

E. T. Miller, E. L. Westbrooke, Jr., and E. L. Westbrooke, for appellant.

W. B. Scott and A. B. Shafer, for appellee.

Kirby, J., (after stating the facts). Appellant contends that the verdict is not supported by the testimony, that the court erred in the giving and refusing of certain instructions, and especially in not setting the verdict aside as having been arrived at by lot.

The testimony is in conflict on certain points, but from it the jury could have found that appellee was the guest riding in the car with the negro, and also that the appellant was negligent in not keeping a proper lookout and giving the signals as required by law at the cross-

ing, notwithstanding the weight of the evidence supported its contention that the usual signals were given. There is no dispute as to the injury or damage, and the testimony is sufficient to support the verdict.

It is next contended that the court erred in not giving appellant's only requested instruction, which reads as follows:

"You are instructed that, if you find from the testimony in this case that the automobile, on the front seat of which the plaintiff was riding, passed over the track of the defendant ahead of the approaching train in safety, but that the plaintiff, John Steele, jumped out of the automobile on the track of the defendant in front of an approaching train and so near to it that the train could not have been stopped in time to avoid injuring him, the negligence of said Steele in so jumping out of said automobile in front of the moving train was such that it was the sole cause of his injury, and he cannot recover in this action, and your verdict will be for the defendant."

The testimony showed that appellee was riding in the car with the negro as a guest by his own invitation, it is true, but any negligence of the owner or driver of the car cannot be imputed to him, although he was bound to the exercise of ordinary care for his own safety under the circumstances, and a failure to exercise such care contributing to his injury would have constituted contributory negligence barring a recovery. *Graves* v. *Jewell Tea Co.*, 180 Ark. 981, 23 S. W. (2d) 972. The requested instruction was virtually a peremptory one, and the court did not err in refusing to give it.

Appellee was required to exercise ordinary care for his own safety under the circumstances, and, if it appeared to him, as it evidently did, that the car was going to be struck by the train, he had the right, of course, to make the effort to get out of the car and avoid the danger, and was not necessarily negligent in attempting to do so, and certainly not guilty of contributory negligence as a matter of law that would bar his recovery, or of negli-

gence at all, if the jury found, as they might have done, that a person of ordinary care and prudence might have made such an attempt in the emergency. No error was therefore committed in the giving of instruction No. 7.

No error was committed in instructing the jury as to comparative negligence, the instruction given being a correct declaration of the law. Section 8575, Crawford & Moses' Digest.

Instruction No. 10 is a correct declaration of the law that the negligence of the driver of the car in which appellee was riding as a guest, if the jury found him to be such, could not be imputed to appellee, nor was error committed in the giving of instruction No. 12, which is not in conflict with instruction No. 10, as contended by appellant. No. 10 was given on the theory that appellee was the guest of the driver of the car, as the jury could have found, while No. 12 was on the theory that he was engaged in a joint enterprise, leaving the jury to determine the question, and was as much bound to the exercise of ordinary care for his own safety as was the driver of the car to the use of such care.

The jury was directed not to take any one of the instructions as the law of the case, but to consider them all as such, etc.

Neither is there merit in the assignment that the verdict was arrived at by lot. Three of the jurors, who did not sign the verdict, which was made by nine of the jurors returning it, testified that each of them was unwilling to return a verdict for appellee, that the nine jurors who agreed to the verdict were in favor of returning a verdict for appellee in different amounts, and that said jurors set down the different amounts each was willing to allow the plaintiff and divided it by nine, and the result was the amount of the verdict returned into court by the nine jurors signing it, $1,737.50. A. C. Oliver, the foreman of the jury, testified that he had no recollection that each of the nine jurors favoring the verdict wrote down the amount he thought should be returned, the total of which amounts was divided by the number

of jurors returning the amount so reached as the verdict; said. he did not hear the matter mentioned, but, if any such suggestion was made, it was not carried out. It was suggested but was not taken into consideration. He stated that, in the consideration of the matter, some of the jurors increased their estimate while others lowered theirs, and the verdict was finally reached. In any event, their testimony tends to show it was a quotient verdict, and it could not be impeached by the testimony of any of the jurors, whether they agreed to it or not, as having been reached by lot. *Speer* v. *State,* 130 Ark. 457, 198 S. W. 113; *Steed* v. *Wright,* 179 Ark. 812, 18 S. W. (2d) 340; *Chess & Wymond Co.* v. *Wallis,* 134 Ark. 136, 203 S. W. 274.

A juror cannot be examined to establish a ground for a new trial, except it be to establish as such ground that the verdict was made by lot, and, although the law has been changed allowing a verdict to be returned by nine jurors, the prohibition of the statute against its being impeached by a juror still applies, although the juror so attempting to impeach it did not sign the verdict. Section 3320, Crawford & Moses' Digest; *Southern Ry. Co.* v. *Simpson,* 140 Tenn. 458, 261 S. W. 677.

We find no error in the record, and the judgment is affirmed.