HOOKS *v.* GENERAL TRANSFER & STORAGE COMPANY.

4-3038

Opinion delivered September 25, 1933.

888

*F. E. West* and *J. P. Kerby,* for appellant.
*Cockrill, Armistead & Rector,* for appellee.

JOHNSON, C. J., (after stating the facts). From the foregoing statement of facts, it is perfectly apparent that there was a sharp conflict in the testimony as to which truck had the right-of-way in the intersection at Main Street and Washington Avenue at the time of the collision. The damage or injuries to the respective trucks caused by the impact was an important circumstance in determining the rate of speed the trucks were making at the time of the collision. It was the contention of the appellee that the impact between the two trucks was slight and caused but little damage. On the other hand, it was the contention of appellant that the impact between the two trucks was great, and that the ice truck was badly damaged by reason of the collision. Appellant further contended, and introduced testimony in support of it, that the impact was of such force as to produce the injury to his back about which he now complains. Some of appellant's witnesses testified that appellant's truck was knocked ten feet by the impact. Other witnesses testified that the steering rod was broken loose from the car and

the ice truck was otherwise badly damaged. For the reason aforesaid, one of the main issues to be determined by the jury was the enormity or insignificance of the collision.

One contention for reversal of the case is that the trial court permitted appellee to introduce in testimony photographs of the two trucks taken a week or ten days after the collision and at a time when the damage had been repaired. Appellant objected to the introduction of these photographs at the time, and stated specifically that the trucks were not in the same condition, at the time the photographs were taken that they were immediately after the collision. The trial court overruled this objection and permitted the introduction of the photographs. In doing this the trial court erred, which calls for a reversal of the case.

It is a well-established rule of law that when the situation and surrounding circumstances are subject to change, photographs, to be admissible as evidence, must have been taken at the time of the transaction or before the situation and circumstances have undergone a change.

Section 359, art. "Evidence," 10 R. C. L., p. 1157, states the rule as follows: "When the situation and surrounding circumstances are subject to change, photographs, to be admissible as evidence, must have been taken at the time of the transaction or before the situation and circumstances have undergone a change."

According to the uncontradicted testimony in this case, the photographs of the two trucks which were in the collision were not taken until a week or ten days after the collision, and at that time appellant's ice truck had been fully repaired. We cannot say to what extent the jury may have been influenced by this incompetent testimony.

The photographs were evidently introduced for the purpose of showing that the trucks were not badly damaged by the collision. If the photographs were introduced for any other purpose, their effect should have been limited by proper instructions by the court.

Other alleged errors are brought forward and insisted upon for a reversal of the case, but we do not deem them of sufficient importance to discuss in this opinion.

For the error indicated, let the judgment of the circuit court be reversed, and the cause be remanded for a new trial.