The Coca-Cola Bottling Company *v.* Davidson.

4-4560

Opinion delivered March 15, 1937.

826

*J. Paul Ward,* for appellant.

*Richardson & Richardson,* for appellee.

BAKER, J. This appeal is from a judgment of the Independence circuit court against The Coca-Cola Bottling Company in favor of Sophia Davidson. She alleged in her complaint, and offered proof to show, that she bought a bottle of Coca-Cola from a dealer at Oil Trough. She drank some from the bottle and discovered therein what appeared to be a portion of a decomposed mouse. She became ill shortly thereafter and continued ill for a time, lost weight and finally filed her suit for damages against the Coca-Cola Bottling Company.

Whatever facts are necessary for a proper discussion of this case will be set forth in our comment. It may be said, however, in the beginning that the facts are not unusual, but follow much after the conventional lines of this class of litigation.

The appellant argues in his brief four different matters for the reversal of the judgment rendered herein. First, the verdict was arrived at by lot. Second, the court erred in allowing a bottle of Coca-Cola to be introduced in evidence. Third, the court erred in refusing appellant's motion to dismiss plaintiff's cause of action for defect of parties plaintiff, and, fourth, the court erred in overruling appellant's requested instruction No. 1 for a directed verdict. These several matters will be taken up in the order mentioned.

Upon the first proposition we find that the defendant bottling company filed its motion for a new trial in which it alleged as the 11th cause therefor that the verdict rendered herein was a quotient verdict and that it was arrived at in a manner substantially as follows:

That after the jurors had retired to the jury room, each one of the jurors named an amount which he considered plaintiff was entitled to receive, then the total of the twelve amounts added together was divided by twelve. The result was $473.08. This alleged fact was established by an affidavit made and subscribed to by L. L. Morrow and John L. Lytle, who testified among other things, that they were petit jurors upon that cause and who explained that this method was used in arriving at their verdict, saying, among other things in the affidavit, that the amounts ranged from one dollar to three thousand. There was no other proof offered as to the manner in which the jury had arrived at its verdict. Seriously, we doubt if any proof could have been offered in regard thereto, except such as was tendered in this case in support of the motion.

The effect of this testimony, if it may be considered for any purpose, is to show that the verdict was not arrived at by lot. It was a quotient verdict. We could conceive of a system being devised whereby the jury might by lot determine and render a verdict in favor of

the defendant, but this would not be possible at all in the matter of a quotient judgment if any one of the jurors was in favor of giving to the plaintiff any sum whatever. Some authorities are cited to the effect that this court has upheld quotient verdicts. So far as we now are advised there is no case so holding.

In the case of *Speer* v. *State,* 130 Ark. 457, 198 S. W. 113, it was held jurors would not be heard to impeach a verdict not arrived at by lot. That a quotient verdict was not one by lot. Affidavits of jurors to impeach verdicts are improper and may not be received. *Pleasants* v. *Heard,* 15 Ark. 403, 407; *St. Louis-San Francisco Ry. Co.* v. *Steele,* 185 Ark. 196, 201, 46 S. W. (2d) 628.

Let it be suggested here that the law inveighing against the evils of a verdict arrived at by lot is a part of the criminal procedure of the state. Section 3219, Crawford & Moses' Digest.

But the same statute, salutary as it was intended to be, is not broad enough to permit jurors to impeach their own verdict when arrived at in the manner above described.

However much we might feel like condemning a system of arriving at verdicts in any manner except by the exercise of judgment reflection and conscientious conviction there is no way of having legal knowledge or obtaining information in a manner provided by law that a verdict was a quotient verdict. The binding effect of this verdict must be recognized, and if wrong the remedy lies not in the courts, but in the Legislature.

The second proposition upon which the appellant relies is the matter of introduction in evidence of the bottle of Coca-Cola purchased by the appellee. This bottle at the time it was purchased by the plaintiff, under the proof, was opened and handed to her by the dealer. After she drank a portion of it and discovered in it what she said was apparently parts of a decomposed mouse it was handed back to the dealer who testified that he recapped it and set it away and produced it at the time of the trial.

The objection made to its introduction was that it was not all there, or, that is to say, the remaining por-

tion, after plaintiff had drunk therefrom; that it had changed color and, according to some of the witnesses, the foreign object had broken up into smaller particles. The foundation for the objection was that the bottle was not in the same condition when offered in evidence as it was at the time it was purchased and plaintiff drank therefrom. To support appellant's contention, several cases have been cited. One is *Coca-Cola Bottling Company* v. *Adcox,* 189 Ark. 610, 74 S. W. (2d) 771. In that case the evidence disclosed that the bottle had been sealed and put away and the witness was asked if it was still in that condition and he answered, "absolutely." It also appeared the bottle was in the same condition. The difference in that case and in the instant case is that it is urged in the Adcox case that the bottle was sealed; that it had been put away and kept in a safe. We judge from our reading of that case that what was meant by the statement "that it was sealed" was that it had been recapped. The fact that it had been placed in a safe added nothing except that it had been free from the hands of any one who might desire to tamper with it. In this case Mr. Fike, who had sold this bottle of Coca-Cola, had recapped it, put it away and kept it. There is no suggestion, hint or word of testimony that it was different at the time it was offered in testimony from what it was at the time it was sold, except such effects as may have been caused by time or age in the interval before the time of the trial. If that made any difference, the difference was brought about by natural processes, such as the court and jury, or other reasonable persons, would necessarily have deemed usual or natural under the conditions and circumstances and there is no word or hint of any evidence to the effect that the condition that then existed at the time of the trial tended in any manner to prejudice the rights of the appellant. Appellant argues, however, that there was prejudice in permitting the jury to see the contents of the bottle with the nausea-producing foreign substance contained therein. That may be true, but if we could suppose that the case could have been tried on the next day after the bottle was bought, unquestionably the bottle with its disgusting contents would have been offered in

evidence without serious objection. It is argued that the introduction of this bottle at the time violates the rule announced in the case of *Hooks* v. *General Storage & Transfer Co.,* 187 Ark. 887, 63 S. W. (2d) 527. This was a case wherein photographs were sought to be introduced in evidence. These photographs were taken of the motor vehicle not only after the time of the accident, but after the repairs had been made thereon, that is the motor vehicle was not photographed in the condition it was in immediately after the collision, but after it had been worked over by human hands, and whatever impairment existed by reason of the wreck was obliterated, or at least covered up and concealed. That was the reason for the court's refusal to permit these photographs to be offered. From this opinion it is perfectly reasonable to presume, in fact the court suggests that had the photographs been made immediately after the injury and before there was a changed condition, they would have been competent and we have no doubt that if no repairs had been made upon the truck until the time of trial the delay of a few months would not have made it improper for the jury to have viewed the truck to observe the condition caused by the collision.

We are not saying that any natural force will in all particulars be disregarded and objects about which the controversy may have arisen be in every case competent, but we do say that so long as delay, or even changed conditions by reason of delay do not destroy the evidentiary factor, it is not improper to make it an exhibit. It certainly was not the purpose in this case, and the jury would not have to be told that this bottle of Coca-Cola was offered to show the faded contents of the liquid, or to show that it had lost its sparkle; the jurors did not expect to see original freshness, but they knew, as the court did, and as every one of common or ordinary intelligence must admit, the production and exhibition of the bottle was to show there was some foreign matter in it, that foreign matter which the plaintiff had been pleased to designate or describe as a partly decomposed mouse. Under the circumstances there was no error. It

is unnecessary to examine into or discuss other cases cited.

The third proposition upon which the appellant relies was the fact that at the time this suit was instituted Sophia Davidson was a minor and a suit was brought in her name by her mother, Bess Davidson, as next friend. Before the trial of the case Sophia Davidson became eighteen years of age and appellant urges that on that account the suit was suspended or abated, or, at least, in some manner affected adversely by reason of this fact. This must necessarily arise out of a failure properly to interpret or understand the conditions. Section 1111, Crawford & Moses' Digest, provides for the manner of bringing suit for minors. Section 1089, Crawford & Moses' Digest, provides that all suits shall be in the name of the real parties in interest. Sophia Davidson, though a minor, was the real party in interest, even in the suit brought for her benefit by her mother as next friend. She continued as the real party in interest until the judgment was rendered. The fact that she arrived at the age of eighteen years simply empowered her to proceed alone from that date without the supporting presence of another adult's name, as provided in suits for the benefit of minors. Whatever she did after that time she became liable for costs. She ratified the suit brought for her by her mother as next friend. Her suit in no sense abated nor was its efficacy in any manner impaired or changed. She, and not her mother, from that time on controlled the policy of the suit. The effect of a suit by a minor may be further considered by an examination of the case of *Wood & Henderson* v. *Claiborne*, 82 Ark. 514, 102 S. W. 219, 11 L. R. A. (N. S.) 913, 118 Am. St. Rep. 89. It was held there even the father as next friend was not authorized to collect a judgment for the benefit of the minor.

The fourth proposition suggested by the appellant and which is argued with a great deal of force is that the court should have directed a verdict upon the whole case, for the bottling company. It is argued here, as it has been many times, that, although plaintiff made a *prima facie* case by her showing that she had bought the bottle, that it contained the foreign or deleterious sub-

stance, causing injuries and that, on that account, there was a *prima facie* showing of negligence in the manufacturing, bottling, or handling of the Coca-Cola, the defendant, Coca-Cola Bottling Company, offered evidence showing every step in the production of the Coca-Cola and making it ready for sale, including the washing and sterilizing of bottles, the manner in which the syrup and carbonated water were placed in the bottles, the manner of capping or sealing, the inspection of the bottles both before and after filling, seemingly meets the requirements of ordinary care and that the *prima facie* case of plaintiff was overcome, and that therefore it is the duty of the court to direct a verdict for the defendant. It cannot be of avail or serve any good purpose to go over and recite the evidence of these particulars, but let it suffice for our present purposes to say that the appellant is apparently right. In this suggestion the word "apparent" is used advisedly. In this case, as in many others that have presented this same proposition upon this identical point, astute counsel have never yet found a way or suggested wherein this court upon appeal may invade this exclusive province of the jury and determine the disputed question of fact, or wherein it might attempt a supervision or control of the discretion of the trial court. Whatever might be our predilections, or inclinations, or our ideas of what we would have done had we occupied the jury box, cannot and will not influence us in the determination of a matter of this kind. It is better that some sometimes suffer the apparent injustice than that the jury system should be impaired by judicial incursions and the entire public suffer on account thereof. We are bound by a long line of decisions. *Coca-Cola Bottling Co.* v. *McBride*, 180 Ark. 193, 20 S. W. (2d) 862; *Coca-Cola Bottling Co.* v. *Bennett*, 184 Ark. 329, 42 S. W. (2d) 213; *Coca-Cola Bottling Co.* v. *Jenkins*, 190 Ark. 930, 82 S. W. (2d) 15.; *Coca-Cola Bottling Co.* v. *McNeece*, 191 Ark. 609, 87 S. W. (2d) 38.

The foregoing are the only matters raised or discussed on appeal. The judgment must, therefore, be affirmed.