CONNELLY *v.* STATE.

5007                                                    350 S. W. 2d 298

Opinion delivered November 6, 1961.

(Original opinion delivered September 18, 1961, 233 Ark. 826.)

*Per Curiam.*

On September 18, 1961, this Court rendered its opinion affirming the conviction of the appellant; and in due time appellant filed Petition for Rehearing. On October 18, 1961, while the Petition for Rehearing was pending, the appellant filed in this Court her petition for leave to file in the Garland Circuit Court a Petition for Writ of Error *Coram Nobis.* The germane portion of said Petition reads: "Appellant, in the past two weeks, has received reliable information that the Jury which convicted her of manslaughter in the Circuit Court of Garland County, Arkansas, on September 22, 1960, decided its verdict by lot in that the number of years suggested by each individual juror were totalled and di-

---

[1] No such petition may be filed in the Trial Court without leave of this Court when the case has been before us on appeal. *State* v. *Hudspeth,* 191 Ark. 963, 88 S. W. 2d 858.

vided by twelve in order to fix the length of the sentence imposed on Appellant by the Jury. Under Section 43-2204 of the Arkansas Statutes it will be necessary that said jurors be examined so as to determine the validity of said verdict.''

Supporting the said petition are the affidavits of the appellant and two other persons to the effect that J. M. Thompson, who claimed to be a juror in the trial of Mrs. Bonnie Connelly in the Circuit Court of Garland County, had stated in the presence of the affiants that the jurors wrote ''down the number of years from 0 to whatever each of them thought she should have and that they would add these together and the total amount would be divided by 12 and that this would be their verdict and they would be bound by it.'' This alleged statement by Thompson was made after our opinion of September 18, 1961. It is claimed that these affidavits show that the verdict of guilt was reached by lot; and, for that reason, the appellant desires leave to file a Writ of Error *Coram Nobis*.

These affidavits do not show that the verdict against Mrs. Connelly was reached by lot. The worst that can be said of the verdict is that it was a quotient verdict, and not a verdict reached by lot. It is only in a case of a verdict reached by lot that a juror may be heard to impeach his verdict (§43-2204 Ark. Stats.). The difference between a quotient verdict and a lottery verdict is clearly stated by Mr. Justice Humphreys in *Speer* v. *State*, 130 Ark. 457, 198 S. W. 2d 118:

''Lastly, it is urged that the verdict of the jury was determined by lot. Lot involves an element of chance. The quotient verdict is not the result of a lottery. It is a certain result ascertained by adding twelve separate amounts together and dividing the sum total by twelve. Only one result can be reached. It would be a lottery if twelve different amounts were placed on separate slips of paper and one slip then drawn out, which by agreement would become the verdict.''

Other cases to the same effect are: *Snow* v. *State*, 140 Ark. 7, 215 S. W. 3; *Steed* v. *Wright*, 179 Ark. 812, 18 S. W. 2d 340; *St. Louis-San Francisco Rwy. Co.* v. *Steele*, 185 Ark. 196, 40 S. W. 2d 628; *Patton* v. *State*, 189 Ark. 133, 70 S. W. 2d 1034; *Martin* v. *State*, 189 Ark. 408, 72 S. W. 2d 539; *Coca-Cola Bottling Co.* v. *Davidson*, 193 Ark. 825, 102 S. W. 2d 833; and *Kennedy* v. *Griffin*, 195 Ark. 379, 112 S. W. 2d 644.

The Petition for Leave to File a Writ of Error *Coram Nobis* is denied; and the Petition for Rehearing is likewise denied.