26

ARK. STATE HIGHWAY COMM. *v.* VANDIVER

5-3703                                         397 S. W. 2d 802

Opinion delivered January 10, 1966.

*Mark E. Woolsey* and *Phil Stratton,* for appellant.

*Walker, Villines* & *Spears,* for appellee.

PAUL WARD, Justice. This appeal concerns the manner by which the jury arrived at its verdict.

On November 5, 1964 appellant, Arkansas State Highway Commission, filed a complaint and declaration of taking in the Circuit Court of Boone County, condemning a small parcel of land belonging to appellee, Maybelle Vandiver, for the purpose of improving and widening U. S. Highways 62-65. Appellee answered, seeking compensation in the amount of $20,000. There was a trial, and the jury returned a verdict in favor of appellee in the sum of $7,150. Appellant filed a motion for a new trial alleging "that the face of the verdict shows it to be a quotient verdict." The motion was overruled, and appellant now prosecutes this appeal.

The only point relied on by appellant for a reversal is: "The verdict of the jury was a quotient verdict and was contrary to law." Appellant's contention and argument is based on page 89 of the record which is quoted verbatim below:

"We the jury find for the Defendant, Maybelle Vandiver, and against the Plaintiff, Arkansas State Highway Commission, and fix her damages in the sum of $7,150.

Filed 3/24/65                    Raymond Dwyer

Troy Andrews, Clerk             Foreman

                                4500   X
                                8000   X
                                6500   X
                                6500   X
                                7500   X
                                8000   X
                                8000   X
                                7500   X
                                7500   X
                                7500   X
                                8000   X
                                6300   X
                          _____
                        12)85,800   (7150
                           84
                           ___
                           18
                           12
                           ___
                           60"

In appellant's able and well presented argument it appears to us it is erroneously assumed that a "quotient verdict" is one and the same thing as a "verdict by lot." Our own decisions have made a clear distinction between the two kinds of verdicts, approving the former and condemning the latter.

28

In *Speer* v. *State,* 130 Ark. 457 (p. 464), 198 S. W. 113, we said: ''Lot involves an element of chance. The quotient verdict is not the result of lottery.'' The jury used the same method as used here to reach a verdict in *Steed* v. *Wright,* 179 Ark. 812 (p. 816), 18 S. W. 2d 340. We approved the verdict, stating: ''The testimony of this witness does not show that they agreed in advance to be bound by such procedure . . . .'' The same question here presented was considered in the case of *St. Louis-San Francisco Railway Company* v. *Steele,* 185 Ark. 196 (p. 201), 46 S. W. 2d 628, and we approved the verdict. In doing so, we said:

> ''In any event, their testimony tends to show it was a *quotient* verdict, and it could not be impeached by the testimony of any of the jurors, whether they agreed to it or not, as having been reached by lot.'' (Emphasis added.)

The same result, on similar facts, was reached in *The Coca-Cola Bottling Company* v. *Davidson,* 193 Ark. 825, 102 S. W. 2d 833. Likewise, the same question was considered on facts comparable to those here in the case of *Kennedy* v. *Griffin,* 195 Ark. 379, (p. 384), 112 S. W. 2d 644. In approving the verdict in that case, we said:

> ''Even if these calculations be accepted as made by the jury, it would only tend to show a *quotient* verdict instead of a verdict by *lot.*'' (*Emphasis added.*)

*In Connelly* v. *State,* 234 Ark. 143, (p. 144), 350 S. W. 2d 298, this Court, in a *Per Curiam* opinion, said:

> ''These affidavits do not show the verdict against Mrs. Connelly was reached by *lot.* The worst that can be said of the verdict is that it was a *quotient verdict,* and not a verdict reached by lot. It is only in a case of a verdict reached by *lot* that a juror may be heard to impeach his verdict (§ 43-2204 Ark. Stats.)''

In the case under consideration there is no evidence to show, nor is there any contention, that the jurors agreed in advance to be bound by the quotient figure of $7,150. There is nothing to show or even indicate the jurors, in reaching a verdict, relied on lot or chance instead of deliberation and the exercise of discretion. In fact the trial court, in instructing the jury, said: "You must not use any method of mere chance in arriving at a verdict, but base it on the judgment of each juror concurring therein."

Accordingly, the judgment of the trial court is affirmed.

Affirmed.